UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC. | Case No. 2:18-bk-12041-BKM |
| | **STIPULATED FINAL ORDER GRANTING EMERGENCY APPLICATION TO EMPLOY TIMOTHY H. SHAFFER OF CLOTHO CORPORATE RECOVERY, LLC AS CHIEF RESTRUCTURING OFFICER NUNC PRO TUNC AS OF NOVEMBER 13, 2018** |

THIS MATTER comes before the Court upon the above-captioned debtor's[1] ("**Debtor**") *Emergency Application to Employ Timothy H. Shaffer of Clotho Corporate Recovery, LLC ("**Clotho Recovery**") as Chief Restructuring Officer Nunc Pro Tunc as of November 13, 2018* ("**Application**") [DE No. 52] pursuant to 11 U.S.C. §§ 105(a) and 363(b) and the terms of the Engagement Agreement between Clotho Recovery and the Debtor attached as Exhibit A to the Application.

The Court has reviewed the Application and the related filings by the Debtor. The Court held hearings regarding this matter on November 21, 2018 (interim) and December 11, 2018 (final) and reviewed the responses, whether formal or informal, by the United States Trustee ("**U.S. Trustee**") and other parties in interest. Finally, the Debtor and U.S. Trustee agreed and stipulated to the terms of this final order.

It appearing that sufficient notice of the Application has been given; and good and

---

[1] Unless otherwise noted herein, capitalized terms shall retain the meanings attributed to them in the Application.
{00139065 2}

sufficient cause appearing for the relief set forth in this Order, the Court hereby finds and concludes that: (i) the relief requested in the Application is in the best interest of the Debtor and its estate; (ii) the relief requested in the Application is necessary to avoid immediate and irreparable harm to the Debtor and its estate; (iii) good, adequate, and sufficient cause has been shown to justify entry of this Order; (iv) the Court has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and (v) consideration of the Application and the relief requested therein is a core proceeding, therefor,

**IT IS HEREBY ORDERED** as follows:

1. All objections to the Application are hereby overruled.

2. The Application is GRANTED as modified within this Order.

3. The Debtor is authorized to retain Timothy H. Shaffer of Clotho Corporate Recovery, LLC as its Chief Restructuring Officer ("**CRO**") in accordance with the terms and conditions set forth in the Engagement Agreement attached as Exhibit A to the Application, *nunc pro tunc* to November 13, 2018; subject to the following terms, which shall apply notwithstanding anything in the Application, Engagement Letter, or Shaffer Declaration to the contrary:

    a. Mr. Shaffer and Clotho Recovery are "disinterested" parties and have no disqualifying conflict as required by 11 U.S.C. § 327(a).

    b. Clotho Recovery and any of its additional personnel or its affiliates shall not act in any other capacity (for example, and without limitation, as financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with this case.

    c. In the event the Debtor seeks to have Timothy Shaffer or any additional personnel from Clotho Recovery assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) alerting or expanding the scope of the engagement, a motion to modify the retention shall be filed with the Court.

d. No principal, employee or independent contractor of Clotho Recovery and its affiliates shall serve as a director of the Debtor during the pendency of this bankruptcy proceeding.

e. Clotho Recovery shall file with the Court, and provide notice to the U.S. Trustee and any party entitled under any notice Order in the above-captioned cases, reports of compensation earned and expenses incurred on a monthly basis. Such reports shall contain summary charts, which describe the services provided, identify the compensation earned by Mr. Shaffer, and itemize the expenses incurred. Time records shall (i) be appended to the report and (ii) contain detailed time entries describing the tasks performed in 0.1-hour increments and the corresponding charge (time multiplied by hourly rate). All compensation shall be subject to Court review, pursuant to the reasonableness standard of 11 U.S.C § 330.

f. Mr. Shaffer and Clotho Recovery shall file with the Court and provide notice to the U.S. Trustee, and any party entitled under any notice Order in this case, a final fee application at the conclusion of the case. The final fee application is subject to the same filing, noticing and review requirements of the fee application process under 11 U.S.C. 11 U.S.C §§ 327 and 330 in Chapter 11 cases and is subject to reasonableness standard in the event an objection is filed.

g. Success fees, transactions fees or back-end fees must be applied for and approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Interim Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause or appointment of a trustee.

h. For a period of three years after the conclusion of the engagement, Mr. Shaffer, Clotho Recovery, or any of its affiliates shall not make any investments in the Debtor or reorganized Debtor.

i. Mr. Shaffer and Clotho Recovery shall disclose any and all facts that may have a bearing on whether Clotho Recovery, its affiliates, and/or any individuals working on the engagement have any interest of the Debtor's estates or of any class of creditors or equity

security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason. The obligation to disclose is a continuing obligation.

    j.  Mr. Shaffer and Clotho Recovery shall use reasonable efforts to avoid duplication of services provided by any of the Debtor's officers, directors, agents, and other retained professionals in this Chapter 11 case.

    k.  The Debtor is permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtor's other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtor's D&O policy.

    l.  There shall be no indemnification of Clotho Recovery or its affiliates.

  4.  Subject to the conditions set forth herein, the Debtor is authorized to pay Clotho Recovery in accordance with the Engagement Letter.

  5.  The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

  6.  The United States Bankruptcy Court of the District of Arizona retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**DATED AND SIGNED ABOVE.**

{00139065 2}  4

Case 2:18-bk-12041-BKM Doc 86 Filed 12/11/18 Entered 12/11/18 15:00:58 Desc
Main Document Page 4 of 5

AGREED AS TO FORM AND CONTENT:

**ALLEN BARNES & JONES, PLC**

*/s/ Hilary L. Barnes (#19669)*
Hilary L. Barnes
Philip J. Giles
1850 N. Central Ave., Suite 1150
Phoenix, AZ 85004
Attorneys for Debtor

ILENE J. LASHINSKY
United States Trustee
District of Arizona

*/s/ Elizabeth C. Amorosi (with permission)*
Elizabeth C. Amorosi, Esq.
Assistant United States Trustee