Hilary L. Barnes, #19669
Philip J. Giles, #30340
**ALLEN BARNES & JONES, PLC**
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Office: (602) 256-6000
Fax: (602) 252-4712
Email: hbarnes@allenbarneslaw.com
pgiles@allenbarneslaw.com

Attorneys for the Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| Bob Bondurant School of High Performance Driving, Inc., | Case No. 2:18-bk-12041-BKM |
| Debtor. | **VERIFIED STATEMENT OF THOMAS AZZARELLI IN SUPPORT OF APPLICATION TO EMPLOY CHIEF RESTRUCTURING OFFICER *NUNC PRO TUNC* AS OF NOVEMBER 19, 2018** |

I, Thomas Azzarelli, CMA, CPA, of B2B CFO, LLC ("**Azzarelli**") am over 18 years of age and submit the following in support of the *Application to Employ Thomas Azzarelli as Chief Financial Officer Nunc Pro Tunc as of November 19, 2018* ("**Application**").

1. I am a Partner of B2B and have over 40 years of diverse experience working with private companies providing strategic advice on critical business decisions and providing financial, accounting and consulting services maximizing cash flow, bank and lending relationships, budgeting and cost control, risk management, software selection and implementation. I provide business owners with financial clarity to enable them to increase cash, profits and company value. In the past, I have served as a CFO, CFO consultant, and financial advisor for many companies. My qualifications are further detailed in my resume, which is attached Exhibit B to the Application.

2. Subject to this Court's approval, I have been engaged to and will serve as the Chief Restructuring Officer ("**CRO**") for Bob Bondurant School of High Performance Driving,

{00139994}

Case 2:18-bk-12041-BKM    Doc 91    Filed 12/12/18    Entered 12/12/18 11:08:04    Desc
Main Document    Page 1 of 3

Inc. ("**Debtor**") as of November 19, 2018, and I will perform those duties set forth in the Services Agreement attached to the Application as Exhibit A, including without limitation:

   a. Overseeing Debtor's accounting department;
   b. Reconciling and prepare financial statements, daily cash and other financial reports;
   c. Provide financial statements and other information to potential investors and debtor-in-possession lenders;
   d. Assist in the preparation of Debtor's monthly operating reports in accordance with the U.S. Trustee Guidelines;
   e. Assist, as needed with preparation of Debtor's 2018 tax returns;
   f. Assist with interviewing, employing, and training employees in the Debtor's accounting department.

3. I am willing to act the Debtor's CFO Consultant in this Case, and have been so acting since November 19, 2018.

4. To the best of my knowledge, information and belief, neither I nor B2B hold or represent an interest adverse to the Debtor's estate and are both a "disinterested person," as that term is defined in Bankruptcy Code §§ 101(14) and 1107(b) with respect to the matters for which I am to be retained.

5. To the best of my knowledge, information, and belief, neither I nor B2B have any connection with the Debtor or its affiliates, their creditors, their estate, any United States District Judge or United States Bankruptcy Judge for the District of Arizona, the United States Trustee or any person employed in the office of the United States Trustee for Region 14, or any other party-in-interest, or their respective attorneys and accountants.

6. To the best of my knowledge, information, and belief, the disclosures made in this Verified Statement (regarding connections with the Debtor, its creditors, any other parties-in-interest in these cases, their respective attorneys and accountants, any United States District Judge or United States Bankruptcy Judge for the District of Arizona, the United States Trustee or any person employed in the office of the United States Trustee for Region 14) satisfy any disclosure requirements necessary to employ myself and B2B.

7. Pursuant to the Services Agreement, my compensation shall consist of the following:

a. Hourly fees at the rate of $225.00 per hour, paid by the Debtor, with a minimum of 23 hours per month;

b. A monthly cap on hourly fees of $5,000.00;

c. Reimbursement for B2B's and my reasonable out-of-pocket expenses incurred in connection with this assignment, such as travel, lodging, duplicating, messenger and telephone charges; and

d. All fees and expenses will be billed and payable on a monthly basis pursuant to the terms of the Stipulated Order on file at ECF No. 83.

8. The compensation structure outlined above was negotiated at arm's length and is consistent with my normal and customary billing practices in chapter 11 cases. The compensation arrangement provided for in the Engagement Agreement and generally described above is consistent with, and typical of, arrangements entered into by B2B and myself and other consultancy and accounting firms of comparable standing in connection with rendering accountancy services to similar clients.

9. Neither I nor B2B was engaged by the Debtor prior to November 19, 2018. As such, neither I nor B2B have incurred any unpaid fees or expenses on behalf of the Debtors prior to November 19, 2018.

10. Other than as set forth above, no arrangement is proposed between the Debtor or B2B for compensation to be paid in the Case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _11_<sup>th</sup> day of December, 2018.

/s/ *Thomas J Grauli*