Hilary L. Barnes, #19669
Philip J. Giles, #30340
**ALLEN BARNES & JONES, PLC**
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Office: (602) 256-6000
Fax: (602) 252-4712
Email: hbarnes@allenbarneslaw.com
      pgiles@allenbarneslaw.com

Attorneys for the Debtor

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| Bob Bondurant School of High Performance Driving, Inc., | Case No. 2:18-bk-12041-BKM |
| Debtor. | **MOTION FOR ORDER GRANTING DEBTOR AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT PURSUANT TO 11 U.S.C. § 364(c)** |

Pursuant to 11 U.S.C. § 364(c)(2) and Fed. R. Bankr. P. 4001(c), Bob Bondurant School of High Performance Driving, Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), hereby moves this Court on an expedited basis for authority: (a) to enter into an insurance premium finance agreement (the "Agreement") with AFCO Credit Corporation ("AFCO") to finance the payment of the Debtor's insurance premiums, and (b) to grant to AFCO a security interest in (i) any and all unearned premiums and dividends that may become payable to the Debtor under the financed insurance policies in the event of cancellation of the related insurance policies; (ii) any loss payments that may reduce the unearned premiums, subject to any loss payee interests, and (iii) any interest in any state guarantee funds relating to any financed policy. A copy of the proposed Agreement is attached as **Exhibit A** and incorporated by this reference.

In support of this Motion, the Debtor relies on the record before the Court, and the *Declaration of Chief Restructuring Officer Timothy H. Shaffer* ("Shaffer Dec."), filed contemporaneously herewith, and states as follows:

1. On October 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code"). Since the Petition Date, the Debtor remains in possession of its assets and continues to manage its business as a debtor-in-possession pursuant to Code §§ 1107 and 1108.

2. No trustee or official unsecured creditors committee has been appointed.

3. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1134. Venue of this case and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein is Code § 364.

**RELIEF REQUESTED**

4. In the ordinary course of its business providing high performance driving instruction, the Debtor must maintain various insurance policies to protect its assets, its students, and to continue its operations. The required insurance policies are set forth in the Agreement and its addendum. See Exhibit A.

5. The collective total of the annual premiums for the policies is $264,635.84, a sum that the Debtor cannot pay in one lump sum at this time. The Debtor cannot renew and/or obtain the insurance policies unless the premiums are financed.

6. The Agreement requires the Debtor to make a 35% down payment in the amount of $96,122.54 and to make 7 monthly payments, each in the amount of $25,928.70. The annual percentage rate is 5.0 percent. Under the Agreement, the total amount financed is $178,513.30, and the total payment amount is $181,500.90. The Debtor has sufficient funds to pay the required down payment.

7. After making reasonable efforts, the Debtor has been unable to locate any source of unsecured premium financing. Working with Lovitt & Touche, Inc., the Debtor contacted and negotiated with numerous insurance companies, including its current insurer (Philadelphia Indemnity Insurance Co.), regarding coverage and payment terms, but none were willing to provide alternative payment terms to payment in full. The only company willing to finance the premium was AFCO, pursuant to the terms set forth in the Agreement.

8. AFCO is willing to enter into the Agreement provided the Debtor grants AFCO a first position security interest in (a) any and all unearned premiums and dividends that may become payable to the Debtor under the financed insurance policies in the event of cancellation of the related insurance policies and (b) any loss payments that may reduce the unearned premiums, subject to any loss payee interests, and (c) any interest in any state guarantee funds relating to any financed policy. AFCO also requires that in the event of a payment default, it must be authorized to cancel the financed insurance policies and receive and apply all unearned insurance premiums to the account of the Debtor. In the event that after such application of unearned insurance premiums, there is an outstanding balance, that deficiency will be deemed an administrative expense of the Debtor's estate.

9. The insurance policies identified in the Agreement are crucial to the operation of the Debtor's business and cannot be obtained without the relief requested herein. Given the importance to the Debtor of maintaining insurance coverage and preserving its cash flow by financing the premiums, the relief sought herein is in the best interest of the estate and its creditors.

10. AFCO is extending financing under the Agreement in good faith within the meaning of 11 U.S.C. § 364(e).

Based on the foregoing, pursuant to Code § 364(c)(2), the Debtor requests the Court to enter a proposed order, attached hereto as **Exhibit B** (the "Order"):

    A. Approving this Motion in its entirety;

    B. Authorizing the Debtor to enter into the Agreement and approving its terms, including all rights and privileges granted AFCO therein;

    C. Authorizing and directing the Debtor to pay to AFCO the sums required by the Agreement;

    D. Granting AFCO a first priority security interest in (i) any and all unearned premiums and dividends that may become payable to the Debtor under the financed insurance policies in the event of cancellation of the related insurance

policies and (ii) any loss payments that may reduce the unearned premiums, subject to any loss payee interests, and (iii) any interest in any state guarantee funds relating to any financed policy;

E. Providing that AFCO's security interest shall be deemed duly perfected without further action by AFCO;

F. In the event of a payment default, authorizing AFCO to cancel the financed insurance policies and receive and apply all unearned insurance premiums to the account of the Debtor, and deeming any deficiency an administrative expense of the Debtor's estate;

G. Finding that AFCO's rights under the Agreement and controlling state law are fully preserved and protected and are and shall remain unimpaired by the pendency of the bankruptcy case or any subsequent conversion of this proceeding to a Chapter 7 or any subsequent appointment of a trustee.

H. Granting such other and further relief as the Court may deem appropriate under the circumstances.

DATED: January 2, 2019.

**ALLEN BARNES & JONES, PLC**

/s/ *HLB #19669*
Hilary L. Barnes
Philip J. Giles
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
*Attorneys for the Debtor*

**E-FILED** on January 2, 2019 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case.

**COPY** mailed same date via U.S. Mail to:

OFFICE OF THE UNITED STATES TRUSTEE
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706

{00145559}
-4-
Case 2:18-bk-12041-BKM   Doc 110   Filed 01/02/19   Entered 01/02/19 18:51:16   Desc
Main Document    Page 4 of 10

**COPY** emailed same date to:

Lovitt & Touche, Inc.
7202 E. Rosewood, 2nd Floor, #200
Tucson, AZ 85710
lheppler@lovitt-touche.com
bwilder@lovitt-touche.com
rpassey@lovitt-touche.com
tzelinko@lovitt-touche.com

Elizabeth C. Amorosi
OFFICE OF THE UNITED STATES TRUSTEE
230 N. First Avenue, Ste 204
Phoenix, AZ 85003-1706
Elizabeth.C.Amorosi@usdoj.gov

Warren J. Stapleton
OSBORN MALEDON
2929 N. Central Ave., Ste 2100
Phoenix, AZ 85012
wstapleton@omlaw.com
*Attorneys for Sun Valley Marina Development Corp.*

Michelle E. Shriro
SINGER & LEVICK, P.C.
16200 Addison Road, Suite 140
Addison, TX 75001
mshriro@singerlevick.com
*Attorneys for Moses Smith Racing LLC*

Thomas E. Littler
LITTLER, PC
341 W Secretariat Dr.
Phoenix, AZ 85284
telittler@gmail.com
*Attorneys for Semple Marchal Cooper PLC*

Sheryl L. Toby
DYKEMA GOSSETT PLLC
39577 Woodward Ave., #300
Bloomfield Hills, MI 48304
stoby@dykema.com
*Attorneys for FCA US LLC*

Christopher C. Simpson
STINSON LEONARD STREET LLP
1850 N. Central Ave., #2100
Phoenix, AZ 85004
Christopher.simpson@stinson.com
*Attorneys for FCA US LLC*

Larry O. Folks
FOLKS HESS KASS, PLLC
1850 North Central Ave., Suite 1140
Phoenix, AZ 85004
folks@folkshesskass.com
*Attorneys for JPMorgan Chase Bank, NA*

Leslie A. Berkoff
MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City, NY 11530
lberkoff@moritthock.com
*Attorneys for Unifi Equipment Finance, Inc.*

Jared G. Parker, Esq.
Parker Schwartz, PLLC
7310 N. 16th St., Suite 330
Phoenix AZ 85020
jparker@psazlaw.com
*Attorneys for Goodyear.*

Christopher R. Kaup
Richard C. Gramlich
TIFFANY & BOSCO, P.A.
Seventh Floor, Camelback Esplanade II
2525 E. Camelback Rd.
Phoenix, AZ 85016
crk@tblaw.com
rcg@tblaw.com
*Attorneys for Robert and Patricia C. Bondurant*

/s/ Sherry Gomez

# EXHIBIT A

**Commercial Premium Finance Agreement - Promissory Note**

AFCO

5600 NORTH RIVER ROAD, SUITE 400, ROSEMONT, IL 60018-5187
TEL. NO. 877-701-1212

Page 1 of 2

| Agent (Name and Address)    AU824 | Insured (Name and Address as shown on the policy) |
|---|---|
| LOVITT & TOUCHE', INC<br><br>7202 EAST ROSEWOOD<br>2ND FLOOR #200<br>TUCSON, AZ 85710<br>(520) 722-3000 | BOB BONDURANT SCHOOL<br>OF HIGH PERFORMANCE DRIVING<br>INC<br>PO BOX 51980<br>PHOENIX, AZ 85076-1980<br>(602) 469-5147 |

| A) Total Premiums | B) Down Payment | C) Amount Financed | D) Finance Charge | E) Total Payments |
|---|---|---|---|---|
| $ 274,635.84 | $ 96,122.54 | $ 178,513.30 | $ 2,987.60 | $ 181,500.90 |

| F) Annual Percentage Rate | No. of Payments | Amount of Payments | First Installment Due | Installment Due Dates |
|---|---|---|---|---|
| 5.00% | 7 (Monthly) | $ 25,928.70 | 2/1/2019 | 1st |

**SCHEDULE OF POLICIES**

| Policy Prefix and Numbers | Effective Date of Policy/Inst. | Name of Insurance Company and Name and Address of General or Policy Issuing Agent or Intermediary | Type of Coverage | Months Covered | Premium $ |
|---|---|---|---|---|---|
| TBD<br>A.R.=N  AddCxlDays=0<br>Audit=Y  Min Ernd=0.000 | 1/1/2019 | PHILADELPHIA INDEMNITY INS CO | GPAK<br>Taxes<br>Fees | 12 | 191,178.00<br>0.00<br>0.00 |
| 19EX1030<br>A.R.=N  AddCxlDays=0<br>Audit=N  Min Ernd=25.000 | 1/1/2019 | LLOYDS OF LONDON<br>R-T Specialty Llc<br>500 WEST MONROE CHICAGO, IL 60661 | UMB<br>Taxes<br>Fees | 12 | 57,364.00<br>1,844.45<br>275.00 |
| | TME=$20080.00 | ADDTL POLICIES ON ATTACHED ADDENDUM | | | |

**(1) DEFINITIONS:** The above named Insured is the borrower. AFCO Credit Corporation ("AFCO") is the lender. "Insurance company" or "company", "insurance policy" or "policy" and "premium" refer to those items listed under the "Schedule of Policies". Singular words mean plural and vice-versa as may be required in order to give the agreement meaning.

**NOTICE TO INSURED: 1. Do not sign this agreement before you read it or if it contains any blank space. 2. You are entitled to a completely filled in copy of this agreement at the time you sign. 3. Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the service charge. 4. Keep your copy of this agreement to protect your legal rights.**

**INSURED AGREES TO ALL TERMS SET FORTH ON ALL PAGES OF THIS AGREEMENT AND ANY ADDENDA THERETO**

| | Timothy H. Shaffer | CRO | 1-2-2019 |
|---|---|---|---|
| SIGNATURE OF INSURED(S) OR AUTHORIZED REPRESENTATIVE | PRINT NAME | TITLE | DATE |

**AGENT OR BROKER REPRESENTATIONS**

The undersigned warrants and agrees: (A) The policies are in full force and effect and the information in the Schedule of Policies has been verified and is correct. (B) The Insured authorized this transaction, recognizes the security interest assigned herein and has received a copy of this agreement. (C) To hold in trust for AFCO any payments made or credited to the Insured through or to the undersigned, directly or indirectly, actually or constructively by any party and to pay the monies as well as any unearned commissions to AFCO promptly to satisfy the outstanding indebtedness of the Insured. (D) There are not and will not be any other liens given against the listed policies and the premiums are not and will not be financed by any other lender. (E) The policies comply with AFCO's eligibility requirements. (F) No audit or reporting form policies, policies subject to retrospective rating or minimum earned premium are included. The deposit or provisional premiums are not less than anticipated premiums to be earned for the full term of the policies. (G) The Insured can cancel the policies and the unearned premiums will be computed on the standard short-rate or pro-rata table. (H) No proceeding(s) in bankruptcy, receivership, or insolvency have been instituted by or against the Insured. (I) All premiums shall be paid to the insurer(s). (J) No additional authority, acts, approvals or licenses are or will be necessary as a prerequisite to the enforceability of this Agreement. (K) AFCO will rely upon these representations in determining whether to accept this Agreement.

**IF THERE ARE ANY EXCEPTIONS TO THE ABOVE STATEMENTS, PLEASE LIST BELOW:**
See above under 'Policy Prefix and Numbers'

**THE UNDERSIGNED FURTHER WARRANTS THAT IT HAS RECEIVED THE DOWN PAYMENT AND ANY OTHER SUMS DUE AS REQUIRED BY THE AGREEMENT AND IS HOLDING SAME OR THEY ARE ATTACHED TO THIS AGREEMENT**

| AGENT OR BROKER | SIGNATURE OF AGENT OR BROKER | TITLE | DATE |
|---|---|---|---|

CPFA-1(8/05-win) c. 2005 Afco Credit Corporation [02-80]    QIV# 1559039A-2

QIV# 1559039A-2 PRN:1/2/2019 3:43 PM BY:ssubzwari CFG:CustomConfig RT:LovittandTouche PF:446.53 T:4.25 B1:4.25 B2:4.25

Case 2:18-bk-12041-BKM    Doc 110    Filed 01/02/19    Entered 01/02/19 18:51:16    Desc
Main Document    Page 6 of 10

(2) PROMISE OF PAYMENT: The Insured (i) requests that AFCO pay the premiums in the Schedule of Policies, less the Down Payment and any installments paid prior to acceptance of this Agreement and (ii) promises to pay to AFCO at 110 William Street, New York, NY 10038 (or at any other address it may designate) the amount stated in Block E above according to the payment schedule, subject to the remaining terms of this agreement. No additional authority, acts, approvals or licenses are or will be necessary as a prerequisite to the enforceability of this Agreement. AFCO may, at its option, pay loan proceeds to any agent, broker, general agent, managing general agent or insurer set forth herein. Payments to AFCO are deemed made only upon receipt in good funds. Checks are accepted, subject to collection.

(3) SECURITY INTEREST AND POWER OF ATTORNEY: The Insured assigns and hereby gives a security interest to AFCO as collateral for the total amount payable in this agreement and any other past, present or future extension of credit: (a) any and all unearned premiums or dividends which may become payable for any reason under all insurance policies financed by AFCO, (b) loss payments which reduce the unearned premiums, subject to any mortgagee or loss payee interests and (c) any interest in any state guarantee fund relating to any financed policy. If any circumstances exist in which all premiums related to any policy could become fully earned in the event of any loss, AFCO shall be named a loss-payee with respect to such policy. AFCO at its option may enforce payment of this debt without recourse to the security given to AFCO. The Insured irrevocably appoints AFCO as its attorney in fact with full authority to (i) cancel all insurance financed by AFCO for the reason set forth in paragraph 12, whether pursuant to this or any other agreement, (ii) receive all sums hereby assigned to AFCO and (iii) execute and deliver on the Insured's behalf all documents, instruments of payment, forms and notices of any kind relating to the insurance in furtherance of this agreement.

(4) WARRANTY OF ACCURACY: The Insured (i) warrants that all listed insurance policies have been issued to it and are in full force and effect and that it has not and will not assign any interest in the policies except for the interest of mortgagees and loss payees and (ii) authorizes AFCO to insert or correct on this agreement, if omitted or incorrect, the insurer's name, the policy numbers, and the due date of the first installment and to correct any obvious errors. In the event of any such change, correction or insertion, AFCO will give the Insured written notice thereof.

(5) ~~REPRESENTATION OF SOLVENCY: The Insured represents that it is not insolvent or the subject of any insolvency proceeding~~.

(6) ADDITIONAL PREMIUMS: The money paid by AFCO is only for the premium as determined at the time the insurance policy is issued. AFCO's payment shall not be applied by the insurance company to pay for any additional premiums owed by the Insured resulting from any type of misclassification of the risk. The Insured shall pay to the insurer any additional premiums or any other sums that become due for any reason. If AFCO assigns the same account number to any additional extension or extensions of credit, (i) this Agreement and any agreement or agreements identified by such account number shall be deemed to comprise a single and indivisible loan transaction, (ii) any default with respect to any component of such transaction shall be deemed a default with respect to all components of such transaction and (iii) any unearned premiums relating to any component of such transaction may be collected and applied by AFCO to the totality of such transaction.

(7) SPECIAL INSURANCE POLICIES: If the insurance policy is auditable or is a reporting form policy or is subject to retrospective rating, then the Insured promises to pay to the insurance company the earned premium computed in accordance with the policy provisions which is in excess of the amount of premium advanced by AFCO which the insurance company retains.

(8) NAMED INSURED: If the insurance policy provides that the first named insured in the policy shall be responsible for payment of premiums and shall act on behalf of all other insureds regarding the policy, then the same shall apply to this Agreement and the Insured represents that it is authorized to sign on behalf of all insureds. If not, then all insureds' names must be shown on this agreement unless a separate agreement appoints an insured to act for the others.

(9) FINANCE CHARGE: The finance charge shown in Block D begins to accrue as of the earliest policy effective date, unless otherwise indicated in the Schedule of Policies, and shall continue to accrue until the balance due AFCO is paid in full or until such other date as required by law, notwithstanding any cancellation of coverage. If AFCO issues a Notice of Cancellation, AFCO may recalculate the total finance charge payable pursuant to this Agreement, and the Insured agrees to pay interest, on the Amount Financed set forth herein, from the first effective date of coverage, at the highest lawful rate of interest. For Arizona Insureds, interest will be calculated on a daily basis and each day shall count as 1/360th of a year.

(10) AGREEMENT BECOMES A CONTRACT: This Agreement becomes a binding contract when AFCO mails the Insured its acceptance and is not a contract until such time. The insured agrees that (i) this Agreement may be transmitted by facsimile, E-mail or other electronic means to AFCO, (ii) any such transmitted Agreement shall be deemed a fully enforceable duplicate original document and (iii) such Agreement, when accepted by AFCO, shall constitute a valid and enforceable contract.

(11) DEFAULT AND DISHONORED CHECK CHARGES: If the Insured is late in making a loan payment to AFCO by more than the number of days specified by law (5 days in Wisconsin), the Insured will pay to AFCO a delinquency charge equal to the maximum charge permitted by law (5% of any delinquent installment, subject to a minimum default charge of $1.00, in Wisconsin). If a check is dishonored, the Insured will pay a check processing fee not to exceed the lesser of $25 or the amount permitted by law.

(12) CANCELLATION: AFCO may cancel all insurance policies financed by AFCO after giving statutory notice and the full balance due to AFCO shall be immediately payable if the Insured does not pay any installment according to the terms of this or any other agreement with AFCO. Payment of unearned premiums shall not be deemed to be payments of installments to AFCO, in full or in part.

(13) CANCELLATION CHARGES: If AFCO cancels any insurance policy in accordance with the terms of this agreement, then the Insured will pay AFCO a cancellation charge, if permitted, up to the limit specified by law ($15.00 in Wisconsin).

(14) MONEY RECEIVED AFTER NOTICE OF CANCELLATION: Any payments made to AFCO after mailing of AFCO's Notice of Cancellation may be credited to the Insured's account without affecting the acceleration of this agreement and without any liability or obligation to request reinstatement of a canceled policy. Any money AFCO receives from an insurance company shall be credited to the amount due AFCO with any surplus paid over to whomever is entitled to the money. No refund of less than $1.00 shall be made. In the event that AFCO requests, on the Insured's behalf, reinstatement of the policy, such request does not guarantee that coverage will be reinstated.

(15) ATTORNEY FEES - COLLECTION EXPENSE: If, for collection, this agreement is referred to an attorney and/or other party who is not a salaried employee of AFCO, the Insured agrees to pay any reasonable attorney fees and costs as well as other reasonable collection expenses, as permitted by law or granted by the court (in Wisconsin, statutory attorneys' fees and statutory court costs).

(16) REFUND CREDITS: The Insured will receive a refund of the finance charge if the account is voluntarily prepaid in full before the last installment due date as required or permitted by law (in Wisconsin, calculated according to the Rule of 78s) and AFCO may retain an additional non-refundable service charge of $10.00. Any minimum or fully earned fees will be deducted as permitted by law.

(17) INSURANCE AGENT OR BROKER: The insurance agent or broker named in this agreement is the Insured's agent, not AFCO's and AFCO is not legally bound by anything the agent or broker represents to the Insured orally or in writing. AFCO has not participated in the choice, placement, acquisition or underwriting of any financed insurance. Any disclosures made by the agent are made in its capacity as the insured's agent and AFCO makes no representations with respect to the accuracy of any such disclosures.

(18) NOT A CONDITION OF OBTAINING INSURANCE: This agreement is not required as a condition for obtaining insurance coverage.

(19) SUCCESSORS AND ASSIGNS: All legal rights given to AFCO shall benefit AFCO's successors and assigns. The Insured will not assign this Agreement and/or the policies without AFCO's written consent except for the interest of mortgagees and loss payees.

(20) LIMITATION OF LIABILITY - CLAIMS AGAINST AFCO: The Insured hereby irrevocably waives and releases AFCO from any claims, lawsuits and causes of action which may be related to any prior loans and/or to any act or failure to act prior to the time that this Agreement becomes a binding contract, pursuant to paragraph 10. AFCO's liability for breach of any of the terms of this agreement or the wrongful exercise of any of its powers shall be limited to the amount of the principal balance outstanding, except in the event of gross negligence or willful misconduct. Any claims against AFCO shall be litigated exclusively in the Supreme Court of the State of New York, County of New York.

(21) DISCLOSURE: The insurance company or companies and their agents, any intermediaries and the insurance agent or broker named in this agreement and their successors are authorized and directed to provide AFCO with full and complete information regarding all financed insurance policy or policies, including, without limitation, the status and calculation of unearned premiums.

(22) ENTIRE DOCUMENT - GOVERNING LAW - ENFORCEMENT VENUE: This document is the entire agreement between AFCO and the Insured and can only be changed in a writing signed by both parties except as stated in paragraph (4). The laws of the state indicated in the Insured's address as set forth herein will govern this agreement (for Wisconsin Insureds, Wisconsin). ~~AFCO may, at its option, prosecute any action to enforce its rights hereunder in the venue and (ii) will honor any order issued by or judgment entered in such Court.~~ **Jurisdiction is US Bankruptcy Court Region 14-Phoenix, AZ**

(23) WAIVER OF SOVEREIGN IMMUNITY: The Insured hereby certifies that it is empowered to enter into this agreement without any restrictions and that the individual signing it has been fully empowered to do so. To the extent that the Insured either possesses or claims sovereign immunity for any reason, such sovereign immunity is expressly waived and the Insured agrees to be subject to the jurisdiction of the laws and courts set forth in the preceding paragraphs.

CPFA1(8/05) c.2005 AFCO Credit Corporation [02-80]



# Commercial Premium Finance Agreement - Promissory Note

## SCHEDULE OF POLICIES

| Policy Prefix and Numbers | Effective Date of Policy/Inst. | Name of Insurance Company and Name and Address of General or Policy Issuing Agent or Intermediary | Type of Coverage | Months Covered | Premium $ |
|---|---|---|---|---|---|
| 18HX1030<br>A.R.=N  AddCxlDays=0<br>Audit=N  Min Ernd=25.000 | 1/1/2019 | LLOYDS OF LONDON<br>R-T SPECIALTY LLC<br>500 WEST MONROE CHICAGO, IL 60661 | XLIA<br>Taxes<br>Fees | 12 | 7,970.00<br>263.84<br>275.00 |
| TBD<br>A.R.=N  AddCxlDays=0<br>Audit=N  Min Ernd=25.000 | 1/1/2019 | ADMIRAL INSURANCE COMPANY<br>ARC EXCESS & SURPLUS LLC<br>PO BOX 9012 JERICHO, NY 11753 | GPAK<br>Taxes<br>Fees | 12 | 14,986.00<br>479.55<br>0.00 |

**TOTAL PREMIUMS must agree with Block "A" Above ---> TOTAL**   $274,635.84

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Bob Bondurant School of High Performance Driving, Inc.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 2:18-bk-12041-BKM<br><br>**[PROPOSED] ORDER GRANTING DEBTOR AUTHORITY TO ENTER INTO INSURANCE PREMIUM FINANCE AGREEMENT PURSUANT TO 11 U.S.C. § 364(c)** |

After consideration of the *Motion for Order Granting Debtor Authority to Enter Into Insurance Premium Finance Agreement Pursuant to 11 U.S.C. § 364(c)* (the "Motion") filed by Bob Bondurant School of High Performance Driving, Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), pursuant to which the Debtor moved this Court for authority to enter into an insurance premium finance agreement (the "Agreement") with AFCO Credit Corporation ("AFCO") to finance the payment of the Debtor's insurance premiums, among other things, and given that no objections were raised, and it appearing that notice is sufficient and all legal requirements have been met, and finding good cause for the relief requested, it is hereby ORDERED:

    A. The Motion is granted in its entirety;

    B. The Debtor is authorized to enter into the Agreement, and its terms, including all rights and privileges granted AFCO therein, are approved;

{00145780}
Case 2:18-bk-12041-BKM   Doc 110   Filed 01/02/19   Entered 01/02/19 18:51:16   Desc
Main Document   Page 9 of 10

C. The Debtor is authorized and directed to pay to AFCO the sums required by the Agreement;

D. AFCO is granted a first priority security interest in (i) any and all unearned premiums and dividends that may become payable to the Debtor under the financed insurance policies in the event of cancellation of the related insurance policies and (ii) any loss payments that may reduce the unearned premiums, subject to any loss payee interests, and (iii) any interest in any state guarantee funds relating to any financed policy;

E. AFCO's security interest shall be deemed duly perfected without further action by AFCO; and

F. In the event of a payment default, AFCO is authorized to cancel the financed insurance policies and receive and apply all unearned insurance premiums to the account of the Debtor, and if after such application of unearned premiums any sums still remain due to AFCO pursuant to the Agreement, such deficiency shall be deemed an administrative expense of the estate; and

G. AFCO's rights under the Agreement and controlling state law are fully preserved and protected and are and shall remain unimpaired by the pendency of the bankruptcy case or any subsequent conversion of this proceeding to a Chapter 7 or any subsequent appointment of a trustee.

**DATED AND SIGNED ABOVE.**