Hilary L. Barnes, #19669
Philip J. Giles, #30340
**ALLEN BARNES & JONES, PLC**
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Office: (602) 256-6000
Fax: (602) 252-4712
Email: hbarnes@allenbarneslaw.com
       pgiles@allenbarneslaw.com

Attorneys for the Debtor

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| Bob Bondurant School of High Performance Driving, Inc., | Case No. 2:18-bk-12041-BKM |
| Debtor. | **DECLARATION OF CHIEF RESTRUCTURING OFFICER TIMOTHY H. SHAFFER** |

COMES NOW Timothy H. Shaffer and states as follows:

1. I am over the age of 18 years and competent to make this Declaration.

2. I am the Chief Restructuring Officer ("CRO") of Bob Bondurant School of High Performance Driving, Inc., the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Case"), and I make this Declaration in support of the *Motion for Order Authorizing Debtor Enter into Insurance Premium Financing Agreement Pursuant to 11 U.S.C. § 364(c)* (the "Motion"), filed contemporaneously herewith.

3. On October 2, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

4. After notice and hearing, the Court approved my employment as CRO as of November 12, 2018. [Dkt. No. 87]. I have been acting as CRO since that day.

5. The Debtor provides high performance driving instruction in the ordinary course of its business. In connection therewith, the Debtor must maintain various insurance policies to protect its assets, its students, and to continue its operations.

6. As set forth in the Motion, the Debtor seeks authority from this Court (a) to enter into an insurance premium finance agreement (the "Agreement") with AFCO Credit Corporation ("AFCO") to finance the payment of the Debtor's insurance premiums, and (b) to grant to AFCO a security interest in (i) any and all unearned premiums and dividends that may become payable to the Debtor under the financed insurance policies in the event of cancellation of the related insurance policies; (ii) any loss payments that may reduce the unearned premiums, subject to any loss payee interests, and (iii) any interest in any state guarantee funds relating to any financed policy. A copy of the proposed Agreement is attached to the Motion as Exhibit A.

7. The insurance policies that are at issue are set forth in the Agreement and its addendum. See Exhibit A to the Motion.

8. The collective total of the annual premiums for the insurance policies is $264,635.84, a sum that the Debtor cannot pay in one lump sum at this time. The Debtor cannot renew and/or obtain the insurance policies unless the premiums are financed.

9. The Agreement requires the Debtor to make a 35% down payment in the amount of $96,122,54 and to make 7 monthly payments, each in the amount of $25,928.70. The annual percentage rate is 5.0 percent. Under the Agreement, the total amount financed is $178,513.30, and the total payment amount is $181,500.90. The Debtor has sufficient funds to pay the required down payment.

10. After making reasonable efforts, the Debtor has been unable to locate any source of unsecured premium financing. Working with Lovitt & Touche, Inc., the Debtor contacted and negotiated with numerous insurance companies, including its current insurer (Philadelphia Indemnity Insurance Co.), regarding coverage and payment terms, but none were willing to provide alternative payment terms to payment in full. The only company willing to finance the premium was AFCO pursuant to the terms set forth in the Agreement.

11. AFCO is willing to enter into the Agreement provided the Debtor grants AFCO a first position security interest in (a) any and all unearned premiums and dividends that may become payable to the Debtor under the financed insurance policies in the event of cancellation

of the related insurance policies and (b) any loss payments that may reduce the unearned premiums, subject to any loss payee interests, and (c) any interest in any state guarantee funds relating to any financed policy. AFCO also requires that in the event of a payment default, it must be authorized to cancel the financed insurance policies and receive and apply all unearned insurance premiums to the account of the Debtor. In the event that after such application of unearned insurance premiums, there is an outstanding balance, that deficiency will be deemed an administrative expense of the Debtor's estate.

12. The insurance policies identified in the Agreement are crucial to the operation of the Debtor's business and cannot be obtained without the relief requested herein. Given the importance to the Debtor of maintaining insurance coverage and preserving its cash flow by financing the premiums, the relief sought herein is in the best interest of the estate and its creditors.

13. All facts stated herein are to the best of my knowledge and based on information gained by me in the ordinary course and scope of my employment as CRO, including information derived from the Debtor's business records, which are kept in the ordinary course of business.

DATED: January 3, 2019.

*/s/ Timothy H. Shaffer*
Timothy H. Shaffer