Warren J. Stapleton, 018646
**OSBORN MALEDON, P.A.**
2929 North Central Avenue
21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
E-mail:   wstapleton@omlaw.com

Attorneys for Sun Marina Valley Development Corporation

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC. | No. 2:18-bk-12041-BKM |
| Debtor. | **SUN VALLEY MARINA DEVELOPMENT CORPORATION'S MOTION TO COMPEL PAYMENT OF POST-PETITION RENT** |

Sun Valley Marina Development Corporation ("Sun Valley"), a tribal corporation chartered by the Gila River Indian Community ("GRIC"), is the landlord for the Bob Bondurant School of High Performance Driving, Inc. ("Bondurant" or the "Debtor"). Through this motion, Sun Valley seeks to compel payment of Sun Valley's post-petition rental obligations under 11 U.S.C. § 365 and Fed. R. Bankr. P. 6006. Sun Valley's Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   Introduction.**

Sun Valley leases non-residential real property located at 20000 S. Maricopa Road, Gate 3, Chandler, Arizona 85226 (the "Property") to Bondurant pursuant to that certain sublease dated March 1, 2017 (the "Lease"). A copy of the Lease is attached hereto as Exhibit A. As set forth in the Lease, Sun Valley rents the property from GRIC pursuant to that certain Master Lease, Lease No. B-GR-71, dated March 4, 1974. *See* Exh. A, p.

4. The Lease commenced on March 1, 2017 and expires on March 1, 2029. See Exh. A, § 3, p. 6.

Bondurant filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on October 2, 2018 (the "Petition Date").

Bondurant is currently occupying and in possession of the Property, and uses the Property in connection with its driving school, automotive, and racing business operations. As set forth in the Lease, Bondurant rents Parcel A, the West Track, and the Carousel/Looper (as those terms are defined in the Lease) for a monthly payment of $61,228.18 per month due in advance on the first day of each month. See Exh. A, § 5.1, pp. 8-9. (With the rent price adjustment provided for under Section 5.1(e) the current monthly rent is $61,350.64.)

Although Bondurant made the "stub" rent payment for October 2018, Bondurant did not pay its November rent (as it had indicated it would in connection with its cash collateral budget). *See* Dkt #14, p. 11 (the budget). In addition, Bondurant missed the December 1, 2018 payment and the January 1, 2019 payment.

While Sun Valley appreciates the cash flow difficulties being experienced by the Debtor, it has no desire to become a *de facto* post-petition lender to the Debtor. Section 365 of the Bankruptcy Code requires debtors to fulfill post-petition rent obligations. Sun Valley respectfully requests that the Court order the Debtor to make the requisite post-petition rent payments, and provide any further relief that the Court deems appropriate under the circumstances.

**II. Factual and Procedural Background.**

Bondurant has leased the Property under the Master Lease since April 7, 1993. From that date until April 2013, Bondurant sub-leased the property from Sun Valley's sub-tenant, Firebird International Raceway Park Sports Promotions, Inc. ("Firebird"). Firebird's sublease expired in April 2013. Subsequently, Bondurant continued to use and possess the Property while the parties formalized their new relationship – first, through a

Letter of Agreement dated December 4, 2014, and then through the formal Lease entered on March 1, 2017.

The Property consists of 88.36 acres used for the operation of automobile racing and driving schools, automobile racing, automobile video and motion picture work, automotive after-market modifications and repair related to racing, driving, and high performance vehicles and other related uses. Under the Lease, the Property consists of three main components, Parcel A, the West Track, and the Wild Horse Pass Drag Strip Carousel/Looper (the "Carousel Looper"). Bondurant has exclusive use of Parcel A and the West Track, and limited use of the Carousel Looper.

In the summer of 2018, Bondurant fell significantly behind in its rent payments – effectively missing three months that were due (July, August, and September). The total pre-petition amount owed to Sun Valley is $142,482.22. Notwithstanding these missed rent payments, Sun Valley remained willing to work with Bondurant.

Bondurant filed for Chapter 11 on October 2, 2018. In its initial motion seeking to use cash collateral, Bondurant's budget indicated that it would pay Sun Valley for post-petition rent obligations that were due for October and November 2018. *See* Dkt #14, p. 11 (budget, payments due on 10/19/18 and 11/02/18). Unfortunately, the October payment was late (paid on November 9) and the November payment was not made. In addition, and as noted above, the Debtor has not made the December 1, 2018 or January 1, 2019 rent payments. The total amount due and owing for post-petition rent is $211,586.01.

Sun Valley has no security deposit, and although leases with tribal entities typically require performance bonds covering rental payments, Sun Valley asked the Secretary for the Bureau of Indian Affairs (the "Secretary") to waive the posting of that bond. *See* Exh. A, § 5.3(c), p. 9. Thus, Sun Valley has no deposit/bond security to support the pre-petition or post-petition exposure that it faces.

Although Sun Valley would vastly prefer that Bondurant voluntarily make the promised payments, Sun Valley believes that without an order from this Court compelling

3

Case 2:18-bk-12041-BKM    Doc 118    Filed 01/04/19    Entered 01/04/19 12:53:50    Desc
Main Document    Page 3 of 8

compliance with Section 365(d)(3), Bondurant will remain delinquent on its post-petition Lease obligations. Because the provisions of Section 365(d)(3) are not self-executing, Sun Valley needs an order from this Court to enforce its rights under the Bankruptcy Code.

### III. Legal Argument.

#### A. The Court should order Bondurant to immediately pay past due post-petition rent in accordance with Section 365(d)(3) of the Bankruptcy Code.

Under Section 365(d)(3) of the Bankruptcy Code, Bondurant has an affirmative obligation to stay current on all of its Lease obligations. Section 365(d)(3) provides, in pertinent part: "The trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3); *see also Towers v. Chickering & Gregory (In re Pacific-Atlantic Trading, Co.)*, 27 F.3d 401, 404 (9th Cir. 1994) (a debtor's obligation to perform under section 365(d)(3) is mandatory); *Cukierman v. Uecker (In re Cukierman)*, 265 F.3d 846, 851 (9th Cir. 2001) (same); *Temecula v. LPM Corp. (In re LPM Corp.)*, 300 F.3d 1134, 1138 (9th Cir. 2002). The primary goal of section 365(d)(3) is to prevent a landlord from becoming an involuntary creditor of the Debtor's bankruptcy estate. *See In re Handy Andy Home Imp. Ctrs., Inc.*, 196 B.R. 87, 95 (Bankr. N.D. Ill. 1996). As a result, Sun Valley should not be required to provide the Property and post-petition services absent current payment for such services as required by section 365(d)(3). *See In re Trak Auto Corp.*, 277 B.R. 655, 662 (Bankr. E.D. Va. 2002) *rev'd on other grounds*, *West Town Ctr. LLC v. U.S. Trustee (In re Trak Auto Corp.)*, 367 F.3d 237 (4th Cir. 2004).

With respect to rent obligations arising during the post-petition, pre-rejection period, courts have held that section 365(d)(3) provides nonresidential real property lessors a priority over administrative expenses payable under section 503(b). *See, e.g., In re Worth Stores Corp.*, 135 B.R. 112 (Bankr. E.D. Mo. 1991); *In re Telesphere Communications*, 148 B.R. 525 (Bankr. N.D. Ill. 1992); *In re Rare Coin Galleries of Am.,*

4

Case 2:18-bk-12041-BKM    Doc 118    Filed 01/04/19    Entered 01/04/19 12:53:50    Desc
Main Document    Page 4 of 8

*Inc.*, 72 B.R. 415, 416 (Bankr. Mass. 1987). This is because the Debtor's obligations under section 365(d)(3) are independent of section 503(b) and, therefore, are not subject to the requirements otherwise applicable to administrative expense claims. *In re Rare Coin Galleries*, 72 B.R. at 416: *In re Dock & Repair Corp* 62 B.R. 879, 882–83 (Bankr. E.D.N.Y. 1986). Under this heightened priority, a debtor's obligation to pay is immediate even if there is a risk that the estate may become administratively insolvent. *Centerpointe Props. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 268 F.3d 205, 211 (3rd Cir. 2001); *In re Leisure Time Sports, Inc.*, 189 B.R. 511, 513 (Bankr. S.D. Cal. 1995) (Landlord may retain payments made under section 365(d)(3) even if the estate subsequently becomes administratively insolvent).

Here, Bondurant has failed, and continues to fail, to fulfill its affirmative obligations under the Lease and to fulfill its statutory obligations under section 365(d)(3). The Court should enter an order compelling Bondurant to immediately remit payment to Sun Valley for all of the post-petition lease obligations, as required under the Bankruptcy Code.

Sun Valley further notes that it reserves all rights with respect to any landlord lien rights provided under laws of the Gila River Indian Community or A.R.S. § 33-362. It also reserves its rights with respect to any property that may have become affixed to the Property.

**IV.  Conclusion.**

In light of the foregoing, Sun Valley respectfully requests that the Court enter an order requiring the immediate payment of all post-petition rent due under the Lease, $211,586.01, and for any further relief that the Court deems appropriate.

. . .

. . .

. . .

DATED this 4th day of January, 2019.

OSBORN MALEDON, P.A.

By  /s/ Warren J. Stapleton
Warren J. Stapleton
2929 North Central Avenue
21st Floor
Phoenix, Arizona  85012-2793
Attorneys for Sun Marina Development Corporation

COPY of the foregoing sent via email and/or U.S. Mail this 4th day of January, 2019.

| | |
|---|---|
| Hillary L. Barnes<br>Allen Barnes & Jones, PLC<br>1850 N. Central Ave., Ste. 1150<br>Phoenix, AZ 85004<br>hbarnes@allenbarneslaw.com<br>Attorney for Debtor | Elizabeth C. Amorosi<br>Office of the U.S. Trustee<br>230 N First Ave Ste 204<br>Phoenix AZ 85003-1706<br>Elizabeth.C.Amorosi@usdoj.gov |
| Michelle E. Shriro<br>Singer & Levick, P.C.<br>16200 Addison Rd Ste 140<br>Addison TX 75001<br>mshriro@singerlevick.com<br>*Attorneys for Moses Smith Racing LLC* | Thomas E. Littler<br>Littler, PC<br>341 W Secretariat Dr<br>Phoenix AZ 85284<br>telittler@gmail.com<br>*Attorneys for Semple Marchal Cooper PLC* |
| Christopher C. Simpson<br>Stinson Leonard Street LLP<br>1850 N Central Ave Ste 2100<br>Phoenix AZ 85004<br>christopher.simpson@stinson.com<br>*Attorneys for FCA US LLC* | Sheryl L. Toby<br>Dykema Gossett PLLC<br>39577 Woodward Ave Ste 300<br>Bloomfield Hills MI 48304<br>stoby@dykema.com<br>*Attorneys for FCA US LLC* |
| 2060 Digital Phoenix Hubbard<br>Lockbox 511553<br>PO Box 511553<br>Los Angeles CA 90051-8108 | American Express<br>PO Box 981535<br>El Paso TX 79998-1535 |

| | | |
|---|---|---|
| 1 | Arizona Business Bank | Bancorp Bank |
| 2 | Cardmember Services | Attn: Lease Payment Center |
| | PO Box 790408 | PO Box 140733 |
| 3 | St Louis MO 63179-0408 | Orlando FL 32814-0733 |
| 4 | | |
| | Chase Cardmember Services | Clifton Larson Allen LLP |
| 5 | PO Box 94014 | PO Box 31001-2433 |
| | Palatine IL 60094-4014 | Pasadena CA 91110-2433 |
| 6 | | |
| 7 | Crain Communications Inc | DIG-Phoenix |
| | 29588 Network Pl | PO Box 730824 |
| 8 | Chicago IL 60673-1295 | Dallas TX 75373-0824 |
| 9 | | |
| | Firefly Graphics Inc | Goodyear |
| 10 | 734 W Main St | 200 Innovation Way |
| | Mesa AZ 85201 | Akron OH 43306 |
| 11 | | |
| 12 | Kneaders Bakery and Cafe | Lamar Companies |
| | 871 S Auto Mall Dr | PO Box 96030 |
| 13 | American Fork UT 84003 | Baton Rouge LA 70896 |
| 14 | | |
| | Philadelphia Insurance Co | Racer Media & Marketing Inc. |
| 15 | PO Box 70251 | 17030 Red Hill Ave |
| | Philadelphia PA 19176-0251 | Irvine CA 92614 |
| 16 | | |
| 17 | S&S Paving and Construction Inc. | Semple, Marchal & Cooper |
| | 3401 E Illini St | 2700 N Central Ave 9th Fl |
| 18 | Phoenix AZ 85040 | Phoenix AZ 85004-1147 |
| 19 | | |
| | Sun Valley Marina Development Corp. | Tempe Dodge Chrysler Jeep Ram Kia |
| 20 | PO Box 5090 | 7975 S Autoplex Loop |
| | Chandler AZ 85226 | Tempe AZ 85284 |
| 21 | | |
| 22 | Western States Petroleum | Christopher R. Kaup |
| | 450 S 15th Ave | Tiffany & Bosco P.A. |
| 23 | Phoenix AZ 85007 | 2525 E Camelback Rd 7th Floor |
| | | Phoenix AZ 85016-4237 |
| 24 | | *Attorneys for Patricia and Robert* |
| 25 | | *Bondurant* |
| 26 | Leslie A. Berkoff | Larry O. Folks |
| | Moritt Hock & Hamroff LLP | Folks Hess Kass, PLLC |
| 27 | 400 Garden City Plaza | 1850 N Central Ave Ste 1140 |
| 28 | Garden City NY 11530 | Phoenix AZ 85004 |

| | |
|---|---|
| lberkoff@moritthock.com<br>*Attorneys for Unifi Equipment Finance* | *Attorneys for JP Morgan Chase Bank NA* |
| Jared G. Parker<br>Parker Schwartz PLLC<br>7310 N 16th St Ste 330<br>Phoenix AZ 85020<br>*Attorneys for Goodyear Tire & Rubber Co.* | Christopher C. Simpson<br>Stinson Leonard Street LLP<br>1850 N Central Ave Ste 2100<br>Phoenix AZ 85004-4584<br>*Attorneys for FCA US LLC* |

/s/ Peggy L. Nieto
7893461