Hilary L. Barnes, #19669
Philip J. Giles, #30340
**ALLEN BARNES & JONES, PLC**
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Office: (602) 256-6000
Fax: (602) 252-4712
Email: hbarnes@allenbarneslaw.com
       pgiles@allenbarneslaw.com

Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 2:18-bk-12041-BKM |
| THE GOODYEAR TIRE & RUBBER COMPANY,<br><br>Movant,<br><br>vs.<br><br>BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC.,<br><br>Respondent. | **OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date: TBD<br>Hearing Time: TBD |

Bob Bondurant School of High Performance Driving, Inc., the debtor and debtor in possession (the "**Debtor**") in the above-captioned chapter 11 case ("**Case**"), hereby objects to the Motion for Relief From Automatic Stay ("**Motion**") filed by The Goodyear Tire & Rubber Company ("**Goodyear**"). At this point in the Case, relief from the automatic stay is not appropriate, and Goodyear's request should be denied. Goodyear did not properly serve its notice of termination for convenience as required by the Goodyear Sponsorship Agreement dated January 1, 2018 (the "**Sponsorship Agreement**").

In support of this Objection, the Debtor relies on the record in this Case and states as follows:

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

1. On October 2, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Code**").

2. Since the Petition Date, the Debtor remains in possession of its assets and continues to manage its business as a debtor-in-possession pursuant to Code §§ 1107 and 1108.

3. No trustee or official unsecured creditors committee has been appointed.

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1134. Venue of this case and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Sponsorship Agreement

5. On January 1, 2018, Goodyear and the Debtor entered into the Sponsorship Agreement, the purpose of which is to enable Goodyear to promote its tires at the Debtor's driving school to the exclusion of all other tire manufacturers in exchange for, among other things, providing a significant number of Goodyear tires to the Debtor annually.[1]

6. Goodyear receives its brand recognition in the form of wraps on the Bondurant cars and signage at myriad positions at the Debtor's site, among other things.

7. Goodyear is the "Official Tire of Bob Bondurant School of High Performance Driving." It is also the *only* tire that the Debtor can use on its cars.

8. The term of the Sponsorship Agreement is from January 1, 2018 to December 31, 2021; however, either party may terminate the Sponsorship Agreement for "convenience" by delivering written notice at least 30 days prior to the end of the current calendar year. Sponsorship Agreement, ¶ 2. "After *proper delivery of such notice*, the Agreement will terminate as of January 1st of the next calendar year." Id. (emphasis added).

9. Proper delivery under the Sponsorship Agreement is governed by paragraph 16: "Any notice required or permitted by the terms of this Agreement must be in writing and sent by

---

[1] The Debtor must refrain from providing specifics to comply with the confidentiality provision in the Sponsorship Agreement and reserves those specifics for oral argument.

registered or certified mail, return receipt requested, postage prepaid, and addressed to the intended recipient as set forth above."

10. Goodyear sent its "convenience notice" to the Debtor by Federal Express, not by certified mail, return receipt requested, postage prepaid as required by the Sponsorship Agreement. See Motion, Ex. A.

11. The "convenience" termination in paragraph 2 of the Sponsorship Agreement provides an additional basis for termination beyond to those grounds set forth in the termination provision of paragraph 14, but none of those grounds apply or can be enforced here.

12. The Sponsorship Agreement also has a force majeure provision, which specifically sets forth events outside the reasonable control of the affected party, including "strikes, lock-outs or other labor disturbances." Sponsorship Agreement, ¶ 15. The Debtor avers that the employee walkout on November 12, 2018 falls within the scope of the force majeure provision.

## Trademark License Agreement

13. On July 1, 2018, six months after the Sponsorship Agreement became effective, the Debtor and Goodyear entered into a separate Trademark License Agreement ("**TM Agreement**"), which provides the Debtor with the exclusive right to use Goodyear's logo on specific apparel.

14. The TM Agreement is discrete from the Sponsorship Agreement and provides completely different authority for the Debtor's use of the Goodyear brand.

15. The term of the TM Agreement is controlled by the Sponsorship Agreement, i.e., it ends only when the Sponsorship Agreement terminates or expires. TM Agreement, ¶ 2.1.

16. While the Sponsorship Agreement remains in effect, Goodyear may terminate the TM Agreement only for the grounds enumerated in ¶ 8.2, none of which apply or are enforceable under the circumstances.

17. Both the Sponsorship Agreement and TM Agreement are governed by Ohio law. Sponsorship Agreement, ¶ 17; TM Agreement, ¶ 14.5.

## II. STAY RELIEF IS INAPPROPRIATE UNDER THE CIRCUMSTANCES.

Goodyear requests the Court to grant it stay relief so that it can terminate, as of January 1, 2019, the Sponsorship Agreement and TM Agreement "in accordance with their express terms." Motion, at p. 9. However, Goodyear itself did not comply with the express terms of those agreements. Under the facts set forth above, Goodyear did not properly exercise its "convenience" termination under paragraph 2 of the Sponsorship Agreement. And no other default exists under either agreement. Therefore, neither have been properly terminated. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." Alexander v. Buckeye Pipe Line Co., 53 Ohio St.2d 241 (Ohio 1978); Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc., 15 Ohio St.3d 321, 322 (Ohio 1984).

Moreover, Goodyear's request for waiver of the 14-day stay under Rule 4001(a)(3) is inappropriate. Goodyear offers no facts or threat of imminent harm warranting waiver of the 14-day stay. The imminent harm presented here is to the Debtor, its operations, and the estate's creditors.

This Case is only three months old, and the Debtor is within the exclusivity period and the time to assume or reject executory contracts. Goodyear is one of the Debtor's most important partners, and the Debtor depends on the tires provided by Goodyear under the Sponsorship Agreement. If the Court grants Goodyear stay relief, the Debtor's operations will be incredibly disrupted, and its reorganization efforts will be jeopardized.

The Debtor reserves its rights to supplement this Objection and preserves all of its rights and remedies under applicable law arising under or in connection with the Sponsorship Agreement and TM Agreement.

///

///

///

///

### III. CONCLUSION

Based on the foregoing, and the record before the Court, the Debtor respectfully requests the Court to deny the Motion in its entirety and require Goodyear to comply with the terms of the Sponsorship Agreement and TM Agreement until

DATED: January 7, 2019.

**ALLEN BARNES & JONES, PLC**

/s/ *HLB #19669*
Hilary L. Barnes
Philip J. Giles
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
*Attorneys for the Debtor*

**E-FILED** on January 7, 2019 with the
U.S. Bankruptcy Court and copies served
via ECF notice on all parties that have
appeared in the case.

**COPY** mailed same date via U.S. Mail to:

OFFICE OF THE UNITED STATES TRUSTEE
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706

**COPY** emailed same date to:

Elizabeth C. Amorosi
OFFICE OF THE UNITED STATES TRUSTEE
230 N. First Avenue, Ste 204
Phoenix, AZ 85003-1706
Elizabeth.C.Amorosi@usdoj.gov

Warren J. Stapleton
OSBORN MALEDON
2929 N. Central Ave., Ste 2100
Phoenix, AZ 85012
wstapleton@omlaw.com
*Attorneys for Sun Valley Marina Development Corp.*

Michelle E. Shriro
SINGER & LEVICK, P.C.
16200 Addison Road, Suite 140
Addison, TX 75001
mshriro@singerlevick.com
*Attorneys for Moses Smith Racing LLC*

Thomas E. Littler
LITTLER, PC
341 W Secretariat Dr.
Phoenix, AZ 85284
telittler@gmail.com
*Attorneys for Semple Marchal Cooper PLC*

Christopher C. Simpson
STINSON LEONARD STREET LLP
1850 N. Central Ave., #2100
Phoenix, AZ 85004
Christopher.simpson@stinson.com
*Attorneys for FCA US LLC*

Sheryl L. Toby
DYKEMA GOSSETT PLLC
39577 Woodward Ave., #300
Bloomfield Hills, MI 48304
stoby@dykema.com
*Attorneys for FCA US LLC*

Larry O. Folks
FOLKS HESS KASS, PLLC
1850 North Central Ave., Suite 1140
Phoenix, AZ 85004
folks@folkshesskass.com
*Attorneys for JPMorgan Chase Bank, NA*

Leslie A. Berkoff
MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City, NY 11530
lberkoff@moritthock.com
*Attorneys for Unifi Equipment Finance, Inc.*

Christopher R. Kaup
TIFFANY & BOSCO, P.A.
Seventh Floor, Camelback Esplanade II
2525 E. Camelback Rd.
Phoenix, AZ 85016
crk@tblaw.com
*Attorneys for Robert and Patricia C. Bondurant*

Parker Schwartz, PLLC
7310 N. 16th St., Suite 330
Phoenix AZ 85020
jparker@psazlaw.com
*Attorneys for Goodyear & Rubber Co.*

*/s/ Sherry Gomez*