Hilary L. Barnes, #19669
Philip J. Giles, #30340
**ALLEN BARNES & JONES, PLC**
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Office: (602) 256-6000
Fax: (602) 252-4712
Email: hbarnes@allenbarneslaw.com
pgiles@allenbarneslaw.com

Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Bob Bondurant School of High Performance Driving, Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 2:18-bk-12041-BKM<br><br>**DECLARATION OF TIMOTHY H. SHAFFER** |

Timothy H. Shaffer, being duly sworn, states:

1. I am the Chief Restructuring Officer of Bob Bondurant School of High Performance Driving, Inc. (the "**Debtor**") and have personal knowledge of the matters stated herein unless otherwise noted.

2. If called to testify on the matters identified herein, I would testify consistently with this Declaration.

3. I make this Declaration in support of *Motion for Interim and Final Orders (I) Authorizing Debtor to Obtain Post-Petition Secured Financing; and (II) Granting Security Interests and Liens to Debtor-In-Possession Lender and Related Relief* (the "**DIP Motion**").

4. I have reviewed the DIP Motion and agree with the factual statements therein.

5. On October 2, 2018 (the "**Petition Date**"), the Debtor commenced the Case by filing a petition for relief under Chapter 11 of the Bankruptcy Code.

6. After an operational disruption on November 12, 2018, the Debtor engaged me to act as CRO as of November 13, 2018.

7. On July 28, 2011, the Debtor entered into certain loan documents with JPMorgan

Chase Bank, N.A. ("**Chase**") whereby Chase provided a business line of credit ("**Line of Credit**") to Debtor in the principal amount of $150,000, and the obligation was secured purportedly by a blanket lien against the Debtor's assets pursuant to a grant of security within a promissory note and a filed UCC-1 financing statement. Chase's claim against the Debtor is approximately $151,000. The Debtor is still investigating the scope of Chase's lien, and fully reserves its rights in connection therewith. The Debtor is current on its obligations under the Line of Credit and makes monthly adequate protection payments of approximately $800, which are applied to the interest due and owing on the Line of Credit.

8. Since the Petition Date, the Debtor has been engaged in discussions and negotiations with numerous parties and groups, subject to non-disclosure agreements, regarding debtor-in-possession financing ("**DIP financing**") and/or other possible transactions involving the Debtor's operations, assets, and its plan of reorganization. The interest by many of these parties in ensuring the Debtor's continued operation has been significant.

9. However, despite our diligent efforts, the Debtor has been unable to obtain DIP financing in the form of unsecured credit allowable under Code § 503(b)(1) as an administrative expense or solely in exchange for the grant of a special administrative expense priority pursuant to Code § 364(c)(1).

10. The Debtor's landlord ("**Sun Valley**") seeks a lump sum payment of approximately $212,000 for overdue rent payments. Sun Valley and the Debtor have been involved in discussions about how to bring Sun Valley current and continue the Debtor's operations without disruption, but without the DIP Loan, the Debtor will not have sufficient funds to pay the total amount due to Sun Valley in one lump sum.

11. The Debtor is also behind on certain other lease payments, but those leaseholders have been patient with the Debtor given its cash flow issues; however, their patience is beginning to wear thin.

12. To prevent immediate and irreparable harm to the bankruptcy estate and its creditors, the Debtor has no choice but to obtain DIP financing granting a lien on certain estate

property of the estate that is already subject to a lien and other estate property that is not subject to any lien. The Debtor has been unable to procure DIP financing in the appropriate amount from any source other than the DIP Lender.

13. An immediate infusion of funds in the form of the DIP Loan is critical to bringing Sun Valley and other leaseholders current, providing the Debtor with operational breathing room, and moving the Debtor forward to a § 363 sale and a confirmable plan of reorganization.

14. The DIP Lender is willing to provide the DIP Loan to the Debtor on the condition that, as security, the DIP Lender shall receive a first-position senior security interest in and blanket lien on (the "**DIP Lien**") all of Debtor's property and assets (tangible, intangible, real, personal, and mixed), whether in existence on or before the Petition Date or created, acquired, or arising on or after the Petition Date and wherever located, including, without limitation, accounts, books, chattel paper, cash and cash equivalents, deposit accounts, goods, equipment, fixtures, inventory, investment-related property, negotiable instruments, commercial tort claims, leasehold interests, contracts, customer lists, chapter 5 causes of action, websites, and all other assets related to or associated with e-commerce, insurance, general intangibles (including intellectual property and intellectual property licenses), and all products and proceeds (including insurance proceeds) thereof (all such tangible, intangible, real and personal property, and the proceeds thereof, being collectively referred to in the DIP Motion as the "**DIP Collateral**"). The DIP Lender shall also receive a super-priority administrative claim as set forth above.

15. Working with the Debtor's CFO, I developed a Budget that is attached to the Interim Order as <u>Exhibit 2</u>. The Debtor and the DIP Lender have agreed that the Debtor may use the proceeds of the DIP Loan to fund its operations in accordance with the Budget. However, the initial loan amount will be used to bring post-petition lease payments current to resolve the Motion to Compel and to fund other post-petition lease amounts.

16. The Debtor faces some unique challenges in connection with obtaining financing. Its real property is leased from Sun Valley; the fleet of cars it uses to train Dodge Hellcat and SRT owners is owned and provided to the Debtor by FCA USA; and the Formula 4 cars that it

uses for its Grand Prix training course are leased/financed by Bancorp. For the normal asset-based lenders in the DIP lending arena, the Debtor's collateral mix is unusual and challenging. Accordingly, the Debtor believes that the DIP Loan terms are favorable, fair, and appropriate, and moreover, they are the only terms that have been extended to the Debtor for DIP financing.

17. The Debtor has an urgent and immediate need for cash to continue to operate and move the Case forward. As discussed above, absent authorization from the Bankruptcy Court to obtain secured credit, as requested, on an interim basis pending a final hearing on the Motion, the Debtor will be immediately and irreparably harmed.

18. The DIP Loan will provide necessary assurance to the Debtor's vendors, employees, and students of its ability to meet its obligations. Failure to meet these obligations and to provide these assurances likely would have a significant negative impact on the value of the business, to the detriment of all parties in interest.

DATED: February 8, 2019.

/s/ *Timothy H. Shaffer*
TIMOTHY H. SHAFFER
Chief Restructuring Officer

**COPY** mailed same date via U.S. Mail to:

OFFICE OF THE UNITED STATES TRUSTEE
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706

**COPY** emailed same date to:

Elizabeth C. Amorosi, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
230 N. First Avenue, Ste 204
Phoenix, AZ 85003-1706
Elizabeth.C.Amorosi@usdoj.gov

Warren J. Stapleton, Esq.
OSBORN MALEDON
2929 N. Central Ave., Ste 2100
Phoenix, AZ 85012
wstapleton@omlaw.com
*Attorneys for Sun Valley Marina Development*

Michelle E. Shriro
SINGER & LEVICK, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001
mshriro@singerlevick.com
*Attorneys for Moses Smith Racing LLC*

Thomas E. Littler
LITTLER, PC
341 W Secretariat Dr.
Phoenix, AZ 85284
telittler@gmail.com
*Attorneys for Semple Marchal Cooper PLC*

Christopher Simpson
STINSON LEONARD STREET LLP
1850 N. Central Ave., #2100
Phoenix, AZ 85004
Christopher.simpson@stinson.com
*Attorneys for FCA US LLC*

Sheryl L. Toby
DYKEMA GOSSETT PLLC
39577 Woodward Ave., #300
Bloomfield Hills, MI 48304
stoby@dykema.com
*Attorneys for FCA US LLC*

Larry O. Folks
FOLKS HESS KASS, PLLC
1850 North Central Ave., Suite 1140
Phoenix, AZ 85004
folks@folkshesskass.com
*Attorneys for JPMorgan Chase Bank, NA*

Leslie A. Berkoff
MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City, NY 11530
lberkoff@moritthock.com
*Attorneys for Unifi Equipment Finance, Inc.*

Christopher R. Kaup
TIFFANY & BOSCO, P.A.
Seventh Floor, Camelback Esplanade II
2525 E. Camelback Rd.
Phoenix, AZ 85016
crk@tblaw.com
*Attorneys for Robert and Patricia C. Bondurant*

*/s/ Carol McDonald*