Warren J. Stapleton, 018646
**OSBORN MALEDON, P.A.**
2929 North Central Avenue
21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
E-mail: wstapleton@omlaw.com

Attorneys for Sun Valley Marina Development Corporation

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC.<br><br>Debtor. | No. 2:18-bk-12041-BKM<br><br>**SUN VALLEY MARINA DEVELOPMENT CORPORATION'S LIMITED OBJECTION TO THE DEBTOR'S EXPEDITED MOTION FOR INTERIM APPROVAL OF POST-PETITION FINANCING** |

Sun Valley Marina Development Corporation ("Sun Valley"), a tribal corporation chartered by the Gila River Indian Community ("GRIC"), is the landlord for the Bob Bondurant School of High Performance Driving, Inc. ("Bondurant" or the "Debtor"). Sun Valley files this limited objection to Bondurant's expedited motion for interim approval of post-petition financing (the "Financing Motion"). Dkt #146. While Sun Valley supports the Financing Motion in most aspects, the Motion fails to set aside enough money to make Sun Valley current on rent payments. Provided that this deficiency is remedied, Sun Valley would support approval of the Financing Motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Introduction.**

Sun Valley leases non-residential real property located at 20000 S. Maricopa Road, Gate 3, Chandler, Arizona 85226 (the "Property") to Bondurant pursuant to that certain

sublease dated March 1, 2017 (the "Lease"). A copy of the Lease is attached as Exhibit A to Sun Valley's Motion to Compel Payment of Rent, Dkt # 118, #s118-1 to 118-4. As set forth in the Lease, Sun Valley rents the property from GRIC pursuant to that certain Master Lease, Lease No. B-GR-71, dated March 4, 1974. *See* Exh. A, p. 4. The Lease commenced on March 1, 2017 and expires on March 1, 2029. See Exh. A, § 3, p. 6.

Bondurant is currently occupying and in possession of the Property, and uses the Property in connection with its driving school, automotive, and racing business operations. As set forth in the Lease, Bondurant rents Parcel A, the West Track, and the Carousel/Looper (as those terms are defined in the Lease) for a monthly payment of $61,228.18 per month due in advance on the first day of each month. See Exh. A, § 5.1, pp. 8-9. (With the rent price adjustment provided for under Section 5.1(e) the current monthly rent is $61,350.64.)

Bondurant filed its voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on October 2, 2018 (the "Petition Date"). Although Bondurant made the "stub" rent payment for October 2018, Bondurant did not pay its November rent (as it had indicated it would in connection with its cash collateral budget). *See* Dkt #14, p. 11 (the budget). In addition, Bondurant missed the December 1, 2018 payment and the January 1, 2019 payment. Bondurant also did not pay the February 1, 2019 payment contemplated in the budget attached to the Financing Motion. See Dkt #146, p. 31 of 48 (as electronically stamped). This payment was to be made on February 3, 2019, and has not been made. Thus, Bondurant is four months behind on rent. The total amount now due and owing for post-petition rent is $245,402.56.

The Financing Motion proposes that Bondurant will borrow $675,000 from "Arlington Street Investments or its nominee" (hereinafter the "Lender"). *See* Dkt #146, p. 3. $281,186 of the loan proceeds will be funded within 48 hours of Court's interim approval of the Financing Motion. (The remaining $393,814 of the loan proceeds will be funded within 24 hours of final approval of the Financing Motion. *Id.)* From the initial

loan proceeds, Bondurant proposes to pay Sun Valley $212,000 (the approximate amount sought in Sun Valley's Motion to Compel Payment of Rent).

In exchange for this funding, Bondurant will give the Lender a priming lien on all of its assets. *Id.* at p. 4. The priming lien includes securitization of Bondurant's interest in the lease. See Dkt #146, p. 22 of 48, ¶ 12(a) (proposed order grant's lien in Bondurant's "leasehold interests"); Shaffer Declaration, Dkt #150, ¶ 14. In addition, Bondurant will grant Lender a super-priority administrative expense claim for the amount of the loan. *Id.* at p. 4. In other words, the lien that is to be granted to Lender will prime any landlord's lien, and grant Lender a preferred position *vis a vis* any administrative expense claims that may arise in the case.

## II. Limited Objection.

It should be noted at the outset that representatives of Sun Valley and representatives from the Lender have met and had positive communications. Sun Valley understands that the post-petition lending is critical and likely a precursor to the Debtor's sale of the business to Lender (or a Lender-controlled nominee). At this point, that looks like the best option available to the Debtor, although Sun Valley is aware that there are other potential purchasers interested in the business.

Nevertheless, in view of the broad securitization proposed – and the impact that such securitization will have on Sun Valley's landlord's lien and administrative expense claims – Sun Valley objects to the extent that its current administrative claim for post-petition rent is not paid in full. As noted above, Sun Valley has not been paid for November, December, January, or February rent. The total amount owing is $245,402.56 (or $33,402.56 more than the current Financing Motion provides). As a practical matter, if the February rent is not paid, then Sun Valley would be forced to continue to pursue its motion to compel payment of rent – which could close the business and result in less for all concerned.

In addition, Sun Valley objects to Bondurant's grant of a lien over its leasehold interest. The lease that governs the parties' relationship does not permit Bondurant to

3
Case 2:18-bk-12041-BKM    Doc 153    Filed 02/12/19    Entered 02/12/19 14:18:06    Desc
Main Document    Page 3 of 7

grant such liens without Sun Valley's permission, without the Gila River Indian Community's ("GRIC") permission (GRIC is the Master Lessor), or the permission of the Secretary of the Bureau of Indian Affairs. *See* Dkt #118-1, pp. 10 and 16-17 of 53 (dealing with Approved Encumbrances). A lessee may not reject parts of the lease (like one giving the landlord the ability to approve liens on the leasehold), without rejecting the whole lease. *See, e.g., NLRB v.Bildisco & Bildisco*, 465 U.S. 513, 531, 104 S.Ct. 1188, 1199 (1984);*In re Abitibibowater, Inc.*, 418 B.R. 815 (Bankr. D. Del. 2009).

In any case, allowing the Debtor to place a lien on the leasehold would have a negative impact on the Debtor's future ability to assume and assign the lease. Ordinarily, a Debtor would only have to "cure" the past-due obligations to assume a lease, but if the Debtor's leasehold is covered by the Lender's security interest, then assumption of the leasehold would require satisfaction of the amount owed to the Lender as a condition of assumption and assignment, i.e., it could not transfer the Lender's collateral without paying the Lender in full. Such a circumstance plainly negates the free transferability policy underlying the statutory scheme of Section 365 of the Bankruptcy Code. This not only harms the Debtor and the landlord (Sun Valley), but potentially hurts Bondurant's other creditors – as the position of the Lender may chill bidding for a sale of Bondurant's assets.

**III.     Landlord's Lien/Fixtures – Reservation of Rights.**

In the event that the Court declines to approve the Financing Motion, Sun Valley reminds the Court and the parties that it has a landlord's lien over the personal property located on the leased realty. See A.R.S. § 33-362. That lien predates Chase Bank's 2011 lien (Bondurant has been leasing the premises since 1993).[1] In addition, Sun Valley has

---

[1] The landlord's lien attaches at the commencement of the lease or when the personal property is brought on the leased premises and exists independently of the institution of any proceeding. *Dewar v. Hagans*, 61 Ariz. 201, 205, 146 P.2d 208, 209 (1944); *U. S. (Treasury Dep't, Internal Revenue Serv.) v. Globe Corp.*, 113 Ariz. 44, 47, 546 P.2d 11, 14 (1976). However, the landlord's lien does not take priority over a creditor who obtained a security interest in collateral prior to the time the collateral is brought on the premises, even where the lease pre-existed the loan by the secured creditor. *Ex-Cell-O*

a property interest in all property affixed to the realty. Sun Valley reserves all rights with respect to fixtures and its landlord's lien.

**IV. Conclusion.**

In light of the foregoing, Sun Valley respectfully requests that the Court only approve the Financing Motion if it is amended to (a) include full payment for November, December, January, and February rent out of the interim loan amount, and (b) delete Bondurant's leasehold interest from the Lender's collateral. Sun Valley respectfully requests any further relief that the Court deems appropriate.

DATED this 12th day of February, 2019.

                             OSBORN MALEDON, P.A.

                             By   /s/ Warren J. Stapleton
                                  Warren J. Stapleton
                                  2929 North Central Avenue
                                  21st Floor
                                  Phoenix, Arizona 85012-2793
                                  Attorneys for Sun Marina Development Corporation

COPY of the foregoing sent via email and/or U.S. Mail this 12th day of February, 2019.

| Hillary L. Barnes | Elizabeth C. Amorosi |
| Allen Barnes & Jones, PLC | Office of the U.S. Trustee |
| 1850 N. Central Ave., Ste. 1150 | 230 N First Ave Ste 204 |
| Phoenix, AZ 85004 | Phoenix AZ 85003-1706 |
| hbarnes@allenbarneslaw.com | Elizabeth.C.Amorosi@usdoj.gov |
| Attorney for Debtor | |

---

*Corp. v. Lincor Properties of Arizona*, 158 Ariz. 307, 309, 762 P.2d 594, 596 (App. 1988); *Schatt–Ajax Industries v. Churchill*, 3 Ariz. App. 34, 411 P.2d 457 (1966) (landlord's lien is subordinate to creditor's interest under conditional sales contract).

| | | |
|---|---|---|
| 1 | Michelle E. Shriro | Thomas E. Littler |
| 2 | Singer & Levick, P.C.<br>16200 Addison Rd Ste 140 | Littler, PC<br>341 W Secretariat Dr |
| 3 | Addison TX 75001<br>mshriro@singerlevick.com | Phoenix AZ 85284<br>telittler@gmail.com |
| 4 | *Attorneys for Moses Smith Racing LLC* | *Attorneys for Semple Marchal Cooper PLC* |
| 5 | | |
| 6 | Christopher C. Simpson | Sheryl L. Toby |
| 7 | Stinson Leonard Street LLP<br>1850 N Central Ave Ste 2100 | Dykema Gossett PLLC<br>39577 Woodward Ave Ste 300 |
| 8 | Phoenix AZ 85004<br>christopher.simpson@stinson.com | Bloomfield Hills MI 48304<br>stoby@dykema.com |
| 9 | *Attorneys for FCA US LLC* | *Attorneys for FCA US LLC* |
| 10 | | |
| 11 | 2060 Digital Phoenix Hubbard<br>Lockbox 511553 | American Express<br>PO Box 981535 |
| 12 | PO Box 511553<br>Los Angeles CA 90051-8108 | El Paso TX 79998-1535 |
| 13 | | |
| 14 | Arizona Business Bank<br>Cardmember Services | Bancorp Bank<br>Attn: Lease Payment Center |
| 15 | PO Box 790408<br>St Louis MO 63179-0408 | PO Box 140733<br>Orlando FL 32814-0733 |
| 16 | | |
| 17 | Chase Cardmember Services<br>PO Box 94014 | Clifton Larson Allen LLP<br>PO Box 31001-2433 |
| 18 | Palatine IL 60094-4014 | Pasadena CA 91110-2433 |
| 19 | | |
| 20 | Crain Communications Inc<br>29588 Network Pl | DIG-Phoenix<br>PO Box 730824 |
| 21 | Chicago IL 60673-1295 | Dallas TX 75373-0824 |
| 22 | Firefly Graphics Inc<br>734 W Main St | Goodyear<br>200 Innovation Way |
| 23 | Mesa AZ 85201 | Akron OH 43306 |
| 24 | Kneaders Bakery and Cafe | Lamar Companies |
| 25 | 871 S Auto Mall Dr<br>American Fork UT 84003 | PO Box 96030<br>Baton Rouge LA 70896 |
| 26 | | |
| 27 | Philadelphia Insurance Co<br>PO Box 70251 | Racer Media & Marketing Inc.<br>17030 Red Hill Ave |
| 28 | Philadelphia PA 19176-0251 | Irvine CA 92614 |

| | | |
|---|---|---|
| 1 | | |
| 2 | S&S Paving and Construction Inc.<br>3401 E Illini St<br>Phoenix AZ 85040 | Semple, Marchal & Cooper<br>2700 N Central Ave 9th Fl<br>Phoenix AZ 85004-1147 |
| 3 | | |
| 4 | Sun Valley Marina Development Corp.<br>PO Box 5090<br>Chandler AZ 85226 | Tempe Dodge Chrysler Jeep Ram Kia<br>7975 S Autoplex Loop<br>Tempe AZ 85284 |
| 5 | | |
| 6 | | |
| 7 | Western States Petroleum<br>450 S 15th Ave<br>Phoenix AZ 85007 | Christopher R. Kaup<br>Tiffany & Bosco P.A.<br>2525 E Camelback Rd 7th Floor<br>Phoenix AZ 85016-4237<br>*Attorneys for Patricia and Robert Bondurant* |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | Leslie A. Berkoff<br>Moritt Hock & Hamroff LLP<br>400 Garden City Plaza<br>Garden City NY 11530<br>lberkoff@moritthock.com<br>*Attorneys for Unifi Equipment Finance* | Larry O. Folks<br>Folks Hess Kass, PLLC<br>1850 N Central Ave Ste 1140<br>Phoenix AZ 85004<br>*Attorneys for JP Morgan Chase Bank NA* |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | Jared G. Parker<br>Parker Schwartz PLLC<br>7310 N 16th St Ste 330<br>Phoenix AZ 85020<br>*Attorneys for Goodyear Tire & Rubber Co.* | Christopher C. Simpson<br>Stinson Leonard Street LLP<br>1850 N Central Ave Ste 2100<br>Phoenix AZ 85004-4584<br>*Attorneys for FCA US LLC* |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | James E. Cross<br>The Cross Law Firm, PLC<br>1850 N Central Ave Ste 1150<br>Phoenix AZ 85004<br>*Attorneys for Arlington Street Investments* | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | /s/ Peggy L. Nieto<br>7941340 | |
| 26 | | |
| 27 | | |
| 28 | | |