Hilary L. Barnes, #19669
Philip J. Giles, #30340
**ALLEN BARNES & JONES, PLC**
1850 N. Central Avenue, Suite 1150
Phoenix, Arizona 85004
Office: (602) 256-6000
Fax: (602) 252-4712
Email: hbarnes@allenbarneslaw.com
       pgiles@allenbarneslaw.com

Attorneys for the Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>Bob Bondurant School of High Performance Driving, Inc.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 2:18-bk-12041-BKM<br><br>**LBR 6004-1 NOTICE TO CREDITORS AND INTERESTED PARTIES OF SALE**<br><br>**DATE/TIME OF AUCTION:**<br>**March 22, 2019 at 10:00 a.m.**<br><br>**LOCATION OF AUCTION:**<br>**230 First Avenue, Courtroom 701**<br>**Phoenix, Arizona 85003** |

      **NOTICE IS HEREBY GIVEN** that certain assets (**"Subject Assets"**) belonging to the bankruptcy estate of Bob Bondurant School of High Performance Driving, Inc. ("**Debtor**") will be sold at an auction ("**Sale**") on the date and time set forth above and below.

      **NOTICE IS HEREBY FURTHER GIVEN** that, pursuant to Local Bankruptcy Rule 6004-1, interested parties are advised of the following:

      1.     Time and Place of Sale:  The Sale shall take place on **March 22, 2019 at 10:00 a.m.** ("**Sale Hearing**"), before the Honorable Brenda K. Martin, the United States Bankruptcy Court, Courtroom 701, 230 First Avenue, Phoenix, Arizona  85003 [ECF No. 182].

      2.     Prospective Buyer (Stalking Horse/Initial Bid):  An undisclosed Arizona limited liability company ("**Proposed Buyer**") entered into an Asset Purchase Agreement ("**APA,**" to be supplemented) with the Debtor pursuant to which the Debtor shall sell the Subject Assets to the

Proposed Buyer in exchange for a purchase price valued in excess of $5 million in the aggregate, as defined in the APA, comprised of the following (collectively, the "**Initial Bid**"):

    A.    A cash payment of $300,000;

    B.    Assumption of certain liabilities:

        i.    The Debtor's lease with Sun Valley Marina Development Corporation ("**Sun Valley**"), including the Debtor's post-petition rent obligation, under amended terms negotiated by Proposed Buyer with Sun Valley;

        ii.    Student deposits in the amount of $250,000 or 33.3% of future revenue, whichever is higher at the Closing Date;

        iii.    Hunter Fully Automatic Tire Changer Lease; and

        iv.    Nitehawk Osprey II Lease.

The Initial Bid shall serve as the "stalking horse" bid and will be subject to higher and better offers submitted at the Sale in accordance with the bidding procedures ("**Procedures**") described below.

    3.    <u>Proposed Buyer Not An Insider</u>.  The Proposed Buyer is not an insider and does not have any ties with or connections to the Debtor.

    4.    <u>Description of Subject Assets to be Sold</u>:  The Subject Assets to be sold and subject to the APA are listed on **Exhibit A**, attached hereto.  Other assets, including all Chapter 5 claims <u>except one</u> owned by the Debtor are specifically excluded from the Subject Assets to be purchased.  See the list of "**Excluded Assets**" attached hereto as **Exhibit B**.  As detailed more fully in the Procedures, a Qualified Bidder (defined below) may submit a bid for both the Subject Assets and some or all of the Excluded Assets, so long as that bid conforms with all other requirements as provided in the Procedures.

    5.    <u>Parties Holding Interests in the Subject Assets</u>:  Upon information and belief, JPMorgan Chase Bank, N.A. ("**Chase**") is the only party who holds a blanket lien against the Debtor's assets, including the Subject Assets.  Chase's claim is evidenced by that certain *Business Line of Credit Agreement* dated July 28, 2011 and secured by a UCC-1 Financing Statement.

Chase filed its claim against the Debtor in the amount of $149,813.25 [Claim No. 9]; Chase's lien shall attach to the proceeds generated from the Sale. The Proposed Buyer has agreed to assume the remaining secured liabilities.

6. <u>Terms and Conditions of Initial Bid</u>: The terms and conditions of the Proposed Buyer's Initial Bid are outlined in the APA.

7. <u>Inspection of Subject Assets</u>: Parties interested in inspecting the Subject Assets are encouraged to contact Debtor's Chief Restructuring Officer, Timothy Shaffer ("**CRO**"), at tim@clothoeq.us or 602-469-5147.

8. <u>Auctioneer Compensation</u>: Debtor has not hired an auctioneer to conduct the Sale. The Debtor shall conduct the Sale. Other than hourly compensation for Debtor's counsel as previously approved by the Court and potential payment of a termination fee to the "stalking horse" buyer as set forth below, no party shall receive commissions or other payment in connection with the Auction.

9. <u>Objections to Sale</u>: Any party opposing the Sale should file a written objection, complete with supporting facts and legal authorities no later than 12:00 p.m. on March 21, 2019, with the United States Bankruptcy Court, 230 1st Ave #101, Phoenix, AZ 85003 and provide a copy of such objection to Debtor's counsel at the following address:

Hilary L. Barnes<br>
Philip J. Giles<br>
<b>ALLEN BARNES & JONES, PLC</b><br>
1850 N. Central Ave., Suite 1150<br>
Phoenix, Arizona 85004<br>
Email  hbarnes@allenbarneslaw.com<br>
pgiles@allenbarneslaw.com

If there is no timely written objection, the Debtor may proceed with the Sale on the date and time set forth above. If a timely written objection is filed, the merits of the objection shall be addressed at the beginning of the Sale Hearing.

10. <u>Appraisal</u>: There is no appraisal for the Subject Assets. Given the unique nature of the Debtor's history and operations, any appraised value would be speculative at best and would

cost the estate considerable funds to obtain. Instead, the Debtor is relying on the marketplace and the competitive bidding process at the Sale to obtain a fair price for the Subject Assets.

11. <u>Motion for Stay Relief</u>. Motions for Stay Relief have been filed by:

 A. The Goodyear Tire & Rubber Company [ECF Nos. 94 and 162] seeking to terminate its sponsorship, which has been resolved.

 B. The Bancorp Bank related to certain assets that the Debtor asserts are property of its bankruptcy estate [ECF No. 168]. The Bancorp stay relief motion is pending and will be heard on March 19, 2019 [ECF No. 175]. The Proposed Buyer does not intend to assume The Bancorp Bank liability.

12. <u>Overview Of Sale Process</u>. The Debtor intends to conduct a competitive bidding process in the form of an auction to be conducted at the Sale Hearing according to the Procedures. After the Debtor conduct the Sale, the Debtor then will ask the Court to approve the Successful Bidder and the Backup Bidder(s). After the Court concludes the Sale Hearing and approves the Successful Bidder, the Successful Bidder and the Debtor shall proceed to close the sale no later than March 29, 2019 (the "**Closing Date**"). To facilitate prompt closing of the sale, the Debtor has requested the Court to waive the stay imposed by Fed. R. Bankr. P. 6004(h).

DATED: March 8, 2019.

**ALLEN BARNES & JONES, PLC**

*/s/ HLB #19669*
Hilary L. Barnes
Philip J. Giles
*Attorneys for Debtor*

# EXHIBIT A

# SUBJECT ASSETS

**All Assets including but not limited to:**

- Leases and contracts, subject to assumption and assignment by the Debtor, in certain cases with consent of the counterparty

- General intangibles (customer lists, brands, intellectual property)

- Accounts Receivables

- Inventory

- Note Receivable

- Prepaid Expenses, excluding insurance premium refunds

- Property, Plant and Equipment

- Seller's interest in the museum cars, which is currently unknown

- OEI Design Project

# EXHIBIT B

# EXCLUDED ASSETS

- Cash and cash equivalents

- Bancorp-related vehicles (to the extent the Debtor has an interest in them), including but not limited to 1965 CXS9026 Shelby Cobra Daytona Coupe

- All securities, whether capital stock or debt, of either the Seller or any other entity

- Tax records, minute books, stock transfer books or corporate seals of either Seller

- All the Estate's causes of action, including those under Chapter 5, except those potential Chapter 5 causes of action, if any, related to the museum cars