James E. Cross, Bar No. 009063
**THE CROSS LAW FIRM, P.L.C.**
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Ph: (602) 412-4422
Fax: (602) 252-4712
Email: jcross@crosslawaz.com
Attorney for Arlington Street Investments

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re:<br><br>BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC.,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:18-bk-12041-BKM<br><br>**OBJECTION TO DEBTOR'S (I) MOTION TO APPROVE BID PROCEDURES FOR SALE OF ASSETS; (II) MOTION TO APPROVE SALE OF ASSETS FREE AND CLEAR OF LIEN; and (III) LBR 6004-1 NOTICE TO CREDITORS AND INTERESTED PARTIES OF SALE**<br><br>**Bid Procedures Hearing Date: March 14, 2019**<br>**Hearing Time: 11:00 a.m.**<br>**Courtroom No. 701** |
|---|---|

Arlington Street Investments ("Arlington"), a party in interest and prospective bidder, by and through undersigned counsel, hereby objects to the Debtor's (I) Motion to Approve Bid Procedures for Sale of Assets [Dkt. #178] (the "Procedures Motion"); (II) Motion to Approve Sale of Assets Free and Clear of Lien [Dkt. #179] (the "Sale Motion"); and (III) LBR 6004-1 Notice to Creditors and Interested Parties of Sale [Dkt. #183] (the "Sale Notice," and the Procedures Motion, Sale Motion, and Sale Notice, collectively, are hereafter referred to as the "Sale Pleadings"). In support of this Objection, Arlington respectfully states as follows:

## I. FACTUAL BACKGROUND.

1. On October 2, 2019, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as debtor-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. No trustee or examiner has been appointed in these bankruptcy cases, nor has an official committee of unsecured creditors been established. However, a Chief Restructuring Officer, Mr. Timothy Shaffer, has been authorized by this Court to operate the Debtor's and Debtor-in-Possession's business while in Chapter 11.

3. The general background relevant to the Debtor is stated in the Debtor's Sale Motion. For the past three months, Arlington has been involved in attempting to negotiate both a Debtor-in-Possession Loan as well as a proposed Asset Purchase Agreement.

4. Contrary to the statements set forth in the Sale Pleadings, Arlington has transacted business negotiations with Mr. Shaffer and the Debtor-in-Possession in good faith. Arlington strongly disputes Debtor's depiction of its actions and motives in this case.

5. In spite of the fact that Debtor has disclosed that it has over 20 non-disclosure agreements signed by interested purchasers, only Arlington was present and willing to discuss Debtor-in-Possession financing. And despite a promise to Arlington that an inventory and valuation would be performed by the Debtor, to Arlington's knowledge, this valuation was never performed.

## II. OBJECTIONS TO THE PROPOSED BID PROCEDURES AND SALE OF DEBTOR'S ASSETS

### a. Undisclosed Stalking Horse.

The Debtor proposes to sell the assets to an "undisclosed Arizona Limited Liability Company" (the "Mystery Buyer") as a stalking horse bidder for a cash payment of $300,000 and assumption of certain administrative liabilities as outlined in the Sale Pleadings. The Sale Pleadings appear to reflect that that the stalking horse has placed no money down as an earnest money deposit, yet requires bidders to qualify by depositing $50,000 without stating who shall hold such deposit. The Sale Pleadings state that the Asset Purchase Agreement ("APA") is to be supplemented. Yet, as of the date of the filing of this objection, no such document has been filed with the court. Arlington objects to the sale to the Mystery Buyer due to the fact that the Mystery Buyer is not identified, has apparently not provided an earnest money deposit, and there is no APA attached to the Sale Pleadings. Moreover, there are no specifics as to how the Mystery Buyer intends to resolve the Sun Valley and other administrative claims. Without identifying the Mystery Buyer, any other bidder is without any information to identify with whom they are competing as part of any sale process and therefore, unable to determine the *bono fides* of the current offer.

### b. The Sale Is Lacking in Good Faith and Usurps the Court's Duties.

The Debtor's original schedules, which have not been amended as of the date of this Objection, lists total assets valued at approximately $619,000. The Debtor's Monthly Operating Report ("MOR") for January 2019, inexplicably lists total assets of

approximately $3,391,442^1$, and post-petition unpaid administrative claims of $569,000. However, Debtor is proposing a sale that is paying essentially nothing for the assets as scheduled nor demonstrating that all administrative and secured claims will be paid from the proposed sale.

The Debtor has been paying post-petition adequate protection payments to first lienholder JP Morgan Chase Bank ("Chase") in the amount of $800 per month. The Sale pleadings seem to imply that Chase is not fully secured, but there has been no evidence provided in the record to support such a contention. Absent such evidence, Chase is entitled to full payment of its secured claim as scheduled by the Debtor.

Additionally, the Sale Pleadings state that if a competing bidder outbids the Mystery Buyer by $25,000 and there are no other bidders, the estate is going to have to use $100,000 of the $300,000 cash component to satisfy the "breakup fee" (in addition to other expenses the stalking horse may claim). This will clearly not leave enough cash to pay all outstanding (and daily increasing) administrative claims. This does not satisfy the "good faith" test. Although the Sale Pleadings state that any overbid must be in the amount of $200,000 above the current bid, Debtor provides no legal or factual justification for how it arrived at this number.

As the BAP stated in *Keystone Mine Co. v. Gorski (In re Keystone Mine Mgmt. II)* (B.A.P. 9th Cir., 2016) (Mem. Dec.) at page 16:

> "Based on these and other Ninth Circuit authorities, we have held that the following factors are relevant to the good faith determination: (1)

---

[1] Page 8 of January 2019, MOR. It is assumed this is an error, but this amount has been listed in prior MOR's.

compliance with approved sale procedures; (2) arms-length negotiations, leading to a sale reflecting a purchase price at or near the market value of the property; (3) opportunity for competitive bidding; (4) knowledge in advance of the sale of who the proposed purchaser is; and (5) the absence of any evidence of fraud, collusion or grossly unfair advantage over other bidders. *Zuercher Trust of 1999 v. Schoenmann (In re Zuercher Trust of 1999)*, 2016 WL 721485, at *9 (Mem. Dec.) (9th Cir. BAP Feb. 22, 2016)."

Based upon the Sale Pleadings, the Mystery Buyer clearly has an unfair advantage over other bidders.

### c. **Arlington's Prior Letter of Intent and Term Sheet.**

In the Sale Motion, the Debtor paints Arlington in a false light in stating that by Arlington's abrupt withdrawal of its offer to provide DIP financing, the Debtor was not able to resolve its landlord's (Sun Valley) Motion to Compel. Arlington's personnel expended thousands of dollars in travel expenses, due diligence review, and attorney's fees in order to make the DIP loan offer to the Debtor, and acted with nothing but the best intentions. Arlington exercised good faith and fair dealing in all of its transactions with the Debtor and its representatives. The only reason Arlington chose not to go forward with either the DIP loan or Purchase Offer is because the Debtor's Monthly Operating Reports ("MOR") and the accompanying financials were incomplete and inaccurate. In fact, it is Arlington's position that its involvement in dealing with the Debtor and its creditors allowed the Debtor to get to this point.

**d. The Notice of Sale Does Not Comply with Local Rule of Bankruptcy 6004-1.**

The Debtor's LBR 6004-1 Notice to Creditors and Interested Parties of Sale does not comply with the Local Bankruptcy Rule 6004-1(b)(2) in that it does not give the name or representative's name of the prospective buyer. This sale is in violation of this Rule.

**e. There is no Explanation of How the Sale Proceeds shall be Applied.**

If one does the math as to the currently disclosed administrative expenses and adds in the amount of the Chase secured claim, you arrive at the following amounts owing:

Chase Lien: $149,000

Admin Debt: $569,000[2]

Total: $718,000

The terms of the offer set forth the in the Sale Pleadings states that only $300,000 in cash is to be paid by the Mystery Buyer, yet requires the amount of any overbid to exceed this price by an additional $200,000. Without any explanation for why this is in the best interests of creditors or in good faith, it really does not matter. At present, as set forth above, it will require an overbid in excess of $418,000 for this sale to simply clear the secured and administrative claims. And of course, this will result in no distribution whatsoever for unsecured creditors from the sale process.

---

[2] The January MOR (Dkt. #164) shows that the Debtor has essentially operated at a loss since the filing date. More importantly, another month, February, has passed since the January report and an additional three weeks of operations will occur before the proposed sale hearing. One most assume that the $569,000 administrative number has significantly increased during this time period.

## III. CONCLUSION

Arlington reminds the court that this case initially began in the face of a "palace coup" of the Debtor's employees. The going concern value of the business has been substantially damaged by these actions as well as the loss of certain key vendor contracts since the filing date. Arlington engaged in the pre-sale process with the sole intention of seeking a fair bidding process with the understanding that it was always possible that another bidder might be willing to pay more than Arlington. What Arlington did not anticipate was the fact that much of the financial information filed with the court and provided to Arlington was simply inaccurate. Based upon Arlington's evaluation of the remaining assets once it conducted it due diligence it did not see the value necessary to sustain a DIP loan or purchase offer without knowing the exact amount of the obligations needed to satisfy all secured and administrative claims. Unfortunately, this remains a moving target.

WHEREFORE, Arlington respectfully requests that the Court enter an Order denying the Sale Procedures Motion until the issues raised above are resolved. While Arlington agrees that a sale prior to March 31st is necessary to avoid conversion to Chapter 7, the above issues do not allow this Court to approve a §363 sale based upon this record.

DATED this 13th day of March, 2019.

**THE CROSS LAW FIRM, P.L.C.**

/s/ *James Cross (#9063)*
James E. Cross
1850 N. Central Ave., Suite 1150
Phoenix, Arizona 85004
Counsel for Arlington Street Investments

Original filed and Copies of the foregoing served electronically via the Court's CM/ECF Notification System this 13th day of March, 2019, on all parties that have appeared in the case.

Additionally, COPIES sent via e-mail transmission this 13th day of March, 2019, to:

| | |
|---|---|
| Hilary Barnes, Esq.<br>Philip Giles, Esq.<br>Allen, Barnes & Jones, PLC<br>1850 N. Central Ave., Suite 1150<br>Phoenix, AZ 85004<br>Email: hbarnes@allenbarneslaw.com<br>pgiles@allenbarneslaw.com<br>Counsel for Debtor | Elizabeth Amorosi, Esq.<br>Office of the U.S. Trustee<br>230 N. 1st Ave., Suite 204<br>Phoenix, AZ 85003<br>Email: elizabeth.c.amorosi@usdoj.gov |
| Christopher Kaup, Esq.<br>Tiffany & Bosco, PA<br>Camelback Esplanade II, 7th Floor<br>2525 E. Camelback Rd.<br>Phoenix, AZ 85016<br>Email: crk@tblaw.com<br>Counsel for Patricia and Robert Bondurant | Sheryl Toby, Esq.<br>Dykema Gossett PLLC<br>39577 Woodward Ave., #300<br>Bloomfield Hills, MI 48304<br>Email: stoby@dykema.com<br>Counsel for FCA US, LLC |
| Christopher Simpson, Esq.<br>Stinson Leonard Street LLP<br>1850 N. Central Ave., Suite 2100<br>Phoenix, AZ 85004<br>Email: christopher.simpson@stinson.com<br>Counsel for FCA US, LLC | Larry Folks, Esq.<br>Folks Hess Kass, PLLC<br>1850 N. Central Ave., Suite 1140<br>Phoenix, AZ 85004<br>Email: folks@folkshesskass.com<br>Counsel for JPMorgan Chase Bank, NA |
| Michelle Shriro, Esq.<br>Singer & Levick, PC<br>16200 Addison Rd., Suite 140<br>Addison, TX 75001<br>Email: mshriro@singerlevick.com<br>Counsel for Moses Smith Racing, LLC | Thomas Littler, Esq.<br>341 W. Secretariat Dr.<br>Tempe, AZ 85284<br>Email: telittler@gmail.com<br>Counsel for Semple, Marchal & Cooper, PLC |

| | |
|---|---|
| Warren Stapleton, Esq.<br>Osborn Maledon, PA<br>2929 N. Central Ave., Suite 2100<br>Phoenix, AZ 85012<br>Email: wstapleton@omlaw.com<br>Counsel for Sun valley Marina<br>Development Corporation | Jared Parker, Esq.<br>Parker Schwartz, PLLC<br>7310 N. 16th Street, Suite 330<br>Phoenix, AZ 85020<br>Email: jparker@psazlaw.com<br>Counsel for The Goodyear Tire &<br>Rubber Company |
| Leslie Berkoff, Esq.<br>Moritt Hock & Hamroff, LLP<br>400 Garden City Plaza, #202<br>Garden City, NY 11530<br>Email: lberkoff@moritthock.com<br>Counsel for Unifi Equipment Finance, Inc. | Robert Miller, Esq.<br>Khaled Tarazi, Esq.<br>Bryan Cave Leighton Paisner, LLP<br>Two N. Central Ave., Suite 2100<br>Phoenix, AZ 85004<br>Email: rjmiller@bclplaw.com<br>          Khaled.tarazi@bclplaw.com<br>Counsel for Wells Fargo Vendor<br>Financial Services, LLC |
| Mark Giunta, Esq.<br>Liz Nguyen, Esq.<br>Law Office of Mark J. Giunta<br>531 E. Thomas Rd., Suite 200<br>Phoenix, AZ 85012<br>Email: markgiunta@giuntalaw.com<br>          liz@giuntalaw.com<br>Counsel for The Bancorp Bank | Robert Lapowsky, Esq.<br>Stevens & Lee, P.C.<br>620 Freedom Business Center, Suite 200<br>King of Prussia, PA 19406<br>Email: rl@stevenslee.com<br>Pro Hac Counsel for The Bancorp Bank |
| Scott Cohen, Esq.<br>Patrick Clisham, Esq.<br>Engelman Berger, PC<br>3636 N. Central Ave., Suite 700<br>Phoenix, AZ 85012<br>Email: sbc@eblawyers.com<br>          pac@eblawyers.com<br>Counsel for Moses Smith Racing, LLC | |

/s/ Kara L. Stewart