ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

ELIZABETH C. AMOROSI (#003073)
PATTY CHAN (#027115)
Trial Attorney
230 N. First Ave., Suite 204
Phoenix, Arizona 85003-1706
Email: elizabeth.c.amorosi@usdoj.gov
Phone: (602) 682-2619
FAX: (602) 514-7270
Email: patty.chan@usdoj.gov
Phone: (602) 682-2633
FAX: (602) 514-7270

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC.,<br><br>Debtor. | In Proceedings under Chapter 11<br><br>Case No. 2:18-bk-12041-BKM<br><br>**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO DEBTOR'S MOTION TO APPROVE BID PROCEDURES FOR SALE OF ASSETS AND MOTION FOR SALE OF ASSETS FREE AND CLEAR OF LIEN**<br><br>Hearing Date: March 14, 2019<br>Time: 11:00 a.m.<br>Place: 230 N. First Ave.<br>Courtroom #701, 7th Floor<br>Phoenix, AZ |

The United States Trustee for the District of Arizona (the "**UST**"), pursuant to 28 U.S.C. §§ 586(a)(3)(B) and 1930, and 11 U.S.C. § 307[1], hereby files her "*Limited Objection*" to the above captioned debtor's ("**Debtor**") expedited *Motion to Approve Bid Procedures for Sale of*

---

[1] Unless otherwise indicated, all chapter, section, federal bankruptcy rule, and local bankruptcy rule references are to the Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. §§ 101-1532, the Federal Rule of Bankruptcy Procedure (the "Rule"), Rules 1001-9037, and to the Local Bankruptcy Rule of the United States Bankruptcy Court for the District of Arizona (the "Local Rules").

*Assets* (the "**Procedures Motion**") and *expedited Motion to Approve Sale of Assets Free and Clear of Liens* (the "**Sale Motion**"). *See* ECF Nos. 178 and 179.

1. This case was commenced by the filing of a voluntary petition under chapter 11 of the Bankruptcy Code on October 2, 2018.

2. On March 7, 2019, Debtor filed an expedited Procedures Motion and Sale Motion.

3. **Exhibit B** attached to the Sale Motion states "Asset Purchase Agreement (To Be Supplemented)." *See id.*, p. 14.

4. A day before the hearing on the Procedures Motion, Debtor filed the Asset Purchase Agreement ("**APA**"). *See* ECF No. 190.

5. The Procedures Motion seeks approval of a termination fee on behalf of the recently disclosed AZNY22, LLC (the "**Proposed Buyer**") of "$100,000.00 plus reimbursement of any out-of-pocket legal and due diligence costs (with adequate documentation) . . . not (to) exceed $25,000.00, and . . . until paid, constitute an administrative priority claim against the Debtor's estate under Code §§ 503(b) and 507(a)(1) (the "**Termination Fee**").

6. The APA contains a termination provision ("Section 15") that allows the Proposed Buyer to terminate by "giving written notice to the Seller at any time prior to the Closing[2] if . . . (B) the Bankruptcy Court does not approve this Agreement and the Bid Procedures, which shall include the termination Fee and reimbursement of expenses as set forth" in the APA . . . or (C) the Closing shall not have occurred on or before March 29, 2019. *See* APA, p. 23.

7. Debtor argues the Court should approve the Termination Fee because the Termination Fee is, among other reasons, (1) a "material inducement for, and a condition of, the Proposed Buyer's entry into the sale agreement," (2) is an actual and necessary cost and expenses of preserving Debtor's estate, within the meaning of Code § 503(b); (3) "**substantial**

---

[2] "Closing" as defined by section 9 of the APA states generally . . . "9:00 a.m. local time on the second business day following the satisfaction or waiver of all conditions to the obligations" between Debtor and Proposed Buyer to consummate the sale. *See* APA, p. 17.

**benefit to the Debtor's estate**," and (4) "reasonable and appropriate in light of the size and nature of the Sale and the efforts that that have been and will be expended by the Proposed Buyer." *See* Procedures Motion, pp. 3 – 4 (emphasis added).

8. On March 11, 2019, the UST contacted Debtor, via counsel, to provide a copy of the Debtor's electronic and hard copy privacy policies amongst other information.

9. Attached to the Sale Motion as **Exhibit A** is a short list of Debtor's assets to be sold, which include "contracts" and "customer lists." *See* ECF No. 179, p. 12.

10. The APA indicates that the Acquired Assets to be sold include: documents and records in Debtor's possession, which include "sale records, accounting records, . . . correspondence, prospective client information, records relating to customers or guests (including customer or guest lists, correspondence with customers or guests, related files and account histories) . . . data and other records and files, wherever located (including without limitation any records maintained in connection with any computer system) contracts, agreements, or financial data . . . ." *See* APA, section 5.09 and section 3.72, at p. 15 and p. 12, respectively.

11. On March 13, 2019, the UST received the Debtor's *electronic* privacy policy. The UST has yet to receive the Debtor's *hardcopy* privacy policy, if any.

**The Termination Fee is Unwarranted**

The Termination Fee for the Proposed Buyer fails to make economic sense for the estate. The secret Proposed Buyer – revealed the day before the Procedures Motion hearing and a week before the expedited Sale Motion hearing with a contemplated sale to occur a week later but not later than March 29, 2019 – cannot claim to have induced additional bidders or contributed any value to the bidding as to have benefited the estate. As indicated by Debtor in the Sale Motion, Debtor was founded by Bob Bondurant and has an illustrious 51-year history as an internationally acclaimed racing school with the only purpose-built driver training facility for performance enthusiasts and largest training facility of its kind in the world. *See* Sale Motion, p. 2. This Debtor's history and legacy is in fact the inducement for bidders. In contrast, the

Termination Fee fails to enhance the bidding process and would only further deplete potential estate assets and chill competitive bidding due to its expensive provision and its lack of benefit for anyone but the Proposed Buyer. As such, no funds should be used to pay the Termination Fee in a proposed sale that would appear to yield little, if anything, for unsecured creditors. The UST requests that this Court deny the proposed Termination Fee in its entirety. In the alternative, if the Court believes there is some merit to the approval of a Termination Fee, then the UST requests the Court not approve the entry of the proposed Termination Fee until prior to the conclusion of the sale. If the Proposed Buyer is not the successful bidder, the Court may reserve the right for the Proposed Buyer to make an application before the Court for the approval of an administrative claim pursuant to § 503(b).

### *Potential* **Appointment of a Consumer Privacy Ombudsman**

The Court is required by § 332 to order the UST to appoint, not later than seven days before the commencement of a sale hearing under § 363(b), one disinterested person to serve as the consumer privacy ombudsman.

Section 363(b)(1) provides that the trustee may sell property of the estate, except where Debtor, in connection with offering a product or a service, discloses to an individual a policy, effective on the date of the commencement of the case, prohibiting the transfer of personally identifiable information to persons who are not affiliated with debtor. The debtor may not sell or lease personally identifiable information to any person unless the sale is consistent with the Privacy Policy or, where the sale is inconsistent with the Privacy Policy, after appointment of a consumer privacy ombudsman. At the sale hearing, the court must give due consideration to the facts, circumstances and conditions of such sale as well as find that no showing is made that such sale violates applicable nonbankruptcy law before it can be approved.

The term "personally identifiable information" is defined at § 101(41A) as follows:

The term "personally identifiable information" means –

(A) if provided by an individual to the debtor in connection with obtaining a product or a service from the debtor primarily for personal, family, or household purposes–

- 4 -

Case 2:18-bk-12041-BKM    Doc 194    Filed 03/13/19    Entered 03/13/19 19:25:44    Desc
Main Document    Page 4 of 8

(i) the first name (or initial) and last name of such individual, whether given at birth or time of adoption, or resulting from a lawful change of name;

(ii) the geographical address of a physical place of residence of such individual;

(iii) an electronic address (including an e-mail address) of such individual;

(iv) a telephone number dedicated to contacting such individual at such physical place of residence;

(v) a social security account number issued to such individual; or

(vi) the account number of a credit card issued to such individual; or

(B) if identified in connection with 1 or more of the items of information specified in subparagraph (A)--

(i) a birth date, the number of a certificate of birth or adoption, or a place of birth; or

(ii) any other information concerning an identified individual that, if disclosed, will result in contacting or identifying such individual physically or electronically.

The definition is applicable where an individual provides information as described in the above to debtor in connection with obtaining a product or a service from Debtor primarily for personal, family, or household purposes. Some of the information provided to Debtor by individuals falls within the definition of personally identifiable information, i.e., first and last name, residential address, home telephone number, and email address and possibly even credit card and other financial information concerning an individual that, if disclosed, may result in contacting or identifying the individual physically or electronically, or in the worst case scenario, in disclosing financial information of that individual. At this time, the UST is awaiting copies of the Debtor's privacy policy that may have been provided to its customers.

WHEREFORE, the UST respectfully requests that the above concerns regarding the Termination Fee be addressed prior to approval of the Procedures Motion and regarding the Consumer Privacy Ombudman prior to approval of the Sale Motion.

- 5 -

Case 2:18-bk-12041-BKM    Doc 194    Filed 03/13/19    Entered 03/13/19 19:25:44    Desc
Main Document    Page 5 of 8

RESPECTFULLY SUBMITTED this 13th day of March, 2019.

        ILENE J. LASHINSKY  
        United States Trustee  
        District of Arizona

        /s/ PC (#027115)  
        PATTY CHAN  
        ELIZABETH C. AMOROSI  
        Trial Attorney

Copies of the foregoing e-mailed March 13, 2019 and
Mailed on March 14, 2019 to:

HILARY L BARNES  
PHILIP J GILES  
ALLEN BARNES & JONES, PLC  
1850 N. CENTRAL AVE., SUITE 1150  
PHOENIX, AZ 85004  
Email: hbarnes@allenbarneslaw.com  
Email: pgiles@allenbarneslaw.com  
Debtor's Attorney

Warren J. Stapleton  
Osborn Maledon PA  
2929 N Central Ave, 21st Floor  
Phoenix AZ 85012  
E-mail: wstapleton@omlaw.com  
Attorneys for Sun Marina Valley Development Corporation

Michelle E. Shriro  
SINGER & LEVICK, P.C.  
16200 Addison Road, Suite 140  
Addison, Texas 75001  
Email: mshriro@singerlevick.com

SCOTT B. COHEN  
PATRICK A. CLISHAM  
ENGELMAN BERGER, P.C.  
3636 NORTH CENTRAL AVENUE, SUITE 700  
PHOENIX, ARIZONA 85012  
Email: sbc@eblawyers.com  
Email: pac@eblawyers.com  
ATTORNEYS FOR MOSES SMITH RACING LLC

| | |
|---|---|
| 1 | Thomas E. Littler<br>LITTLER, PC |
| 2 | 341 W Secretariat Dr.<br>Phoenix, AZ 85284 |
| 3 | telittler@gmail.com<br>Attorney for Semple Marchal Cooper PLC |
| 4 | |
| 5 | LARRY O. FOLKS<br>FOLKS HESS KASS, PLLC |
| 6 | 1850 North Central Avenue, Suite 1140<br>Phoenix, AZ 85004 |
| 7 | E-mail: folks@folkshesskass.com<br>Attorneys for JPMorgan Chase Bank, NA |
| 8 | Sheryl L. Toby<br>Dykema Gossett PLLC |
| 9 | 39577 Woodward Ave., #300<br>Bloomfield Hills, MI 48304 |
| 10 | stoby@dykema.com<br>Attorneys for FCA US LLC |
| 11 | |
| 12 | Leslie A. Berkoff<br>Moritt Hock & Hamroff LLP |
| 13 | 400 Garden City Plaza<br>Garden City, NY 11530 |
| 14 | lberkoff@moritthock.com<br>Attorneys for Unifi Equipment Finance, Inc. |
| 15 | Christopher C. Simpson<br>Stinson Leonard Street LLP |
| 16 | 1850 N. Central Ave., #2100<br>Phoenix, AZ 85004 |
| 17 | Christopher.simpson@stinson.com<br>Attorneys for FCA US LLC |
| 18 | |
| 19 | CHRIS R. KAUP<br>TIFFANY & BOSCO, P.A. |
| 20 | Seventh Flor, Camelback Esplanade II<br>2525 E. Camelback Rd. |
| 21 | Phoenix, AZ  85016-4237<br>Email:  crk@tblaw.com |
| 22 | Attorneys for Patricia and Robert Bondurant |
| 23 | James E. Cross<br>THE CROSS LAW FIRM, P.L.C. |
| 24 | 1850 N. Central Ave., Suite 1150<br>Phoenix, Arizona 85004 |
| 25 | Email: jcross@crosslawaz.com<br>Attorney for Arlington Street Investments |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| 1 | Mark J. Giunta |
| | Liz Nguyen |
| 2 | Law Office of Mark J. Giunta |
| | 531 East Thomas Road, Suite 200 |
| 3 | Phoenix, Arizona 85012 |
| | E-mail: markgiunta@giuntalaw.com |
| 4 | Email: liz@giuntalaw.com |
| | Attorneys for The Bancorp Bank |
| 5 | |
| | Robert J. Miller |
| 6 | Khaled Tarazi |
| | BRYAN CAVE LEIGHTON PAISNER LLP |
| 7 | Two North Central Avenue, Suite 2100 |
| | Phoenix, Arizona 85004-4406 |
| 8 | rjmiller@bclplaw.com |
| | khaled.tarazi@bclplaw.com |
| 9 | Attorneys for Wells Fargo Vendor Financial Services, LLC |

- 8 -