# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

# Minute Entry

## Hearing Information:

| | |
|---|---|
| Debtor: | BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC. |
| Case Number: | 2:18-BK-12041-BKM    Chapter: 11 |
| Date / Time / Room: | THURSDAY, MARCH 14, 2019 11:00 AM   7TH FLOOR #701 |
| Bankruptcy Judge: | BRENDA K. MARTIN |
| Courtroom Clerk: | ELIZABETH PASCUA |
| Reporter / ECR: | MICHELLE RADICKE-STEVENSON |

## Matter:

MOTION TO APPROVE BID PROCEDURES FOR SALE OF ASSETS FILED BY HILARY L BARNES ON BEHALF OF BOB BONDURANT SCHOOL OF HIGH PERFORMANCE DRIVING, INC.

R / M #:   178 / 0

## Appearances:

HILARY L BARNES, ATTORNEY FOR BOB BONDURANT SCHOOL OF HIGH PERFORMANCE
PHILIP J GILES, ATTORNEY FOR BOB BONDURANT SCHOOL OF HIGH PERFORMANCE
WARREN STAPLETON, ATTORNEY FOR SUN VALLEY MARINA DEVELOPMENT CORP
LARRY FOLKS, ATTORNEY FOR JPMORGAN CHASE BANK
GERALD SHELLEY, ATTORNEY FOR AZNY22, LLC
CHRIS KAUP, ATTORNEY FOR PATRICIA AND ROBERT BONDURANT
JAMES CROSS, ATTORNEY FOR ARLINGTON STREET INVESTMENTS
PATTY CHAN, ATTORNEY FOR U. S. TRUSTEE
SCOTT COHEN, ATTORNEY FOR MOSES SMITH RACING LLC
KHALED TARAZI, ATTORNEY FOR WELLS FARGO FINANCIAL SERVICES
MICHELLE SHRIRO, ATTORNEY FOR MOSES SMITH RACING
SHERYL TOBY, ATTORNEY FOR FCA

# Minute Entry

(continue)...   2:18-BK-12041-BKM     THURSDAY, MARCH 14, 2019 11:00 AM

### *Proceedings:*

Ms. Barnes reviews the bid procedures motion. She explains that the debtor is trying to meet the April 1 deadline. She provides a background and an update. She responds to the Court's questions. The debtor has been trying to find a buyer since October 3rd. There have been negotiations with different buyers. She reviews the language to be added in the order. She expects the auction to be very robust next week. She discusses the stalking horse bidder and other offers. She reviews the three objections received and the debtor's privacy policy. She requests approval of the bidding process as proposed.

Mr. Cross informs the Court that his client has been involved in negotiations. He would like a level playing field. He questions the value of the deal at five million. He asks for clarity and intends to participate. He refers to his objection.

Ms. Barnes responds to Mr. Cross' questions.

Mr. Cohen discusses 363 sale motions in favor of the stalking horse bidder. He reviews his client's concerns. He counted five objections. He responds to the Court's questions. His client has been involved for a couple of months. His client is a good faith purchaser.

Mr. Cross states that his client is a good faith purchaser.

Mr. Folks informs the Court that his client is not taking a position on the bidding procedures and issues. He reviews his conditional objection. He is hoping for a level playing field. The bank is owed a minimal amount.

Mr. Stapleton is happy that there is a stalking horse bidder. He has met with everyone at least once. There are additional meetings today. He responds to the Court's questions. He explains his understanding of the termination fee. He reviews his client's position. As a procedural matter, he notes that the lease with Sun Valley ended on 03-01-2019. The lease runs to the Gila River Indian Community. The Gila River Indian final approval will be another 30 days. He reviews the parcels and the lease.

Mr. Cross states that his client anticipated assuming the lease obligation.

Ms. Chan reviews the U. S. Trustee's position. She has received the electronic privacy policy. She needs the hard copy of the privacy policy. She opposes the termination fee.

Mr. Tarazi is not taking a position on the bidding procedures. He reviews the equipment his client has an interest in. He has been talking to debtor's counsel. He may file something to have it heard concurrently with the sale motion.

Mr. Shelley addresses the questions regarding an ombudsman. He has been involved about a week. He discusses the work done by his client. He breaks down the valuation and what his client will be doing. He responds to the Court's questions. He refers to case law.

Mr. Cross notes that his client understands the lease obligation and will take care of the lease obligation.

Ms. Barnes discusses the termination fee and the overbid. She responds to the Court's questions. She explains why she believes that the stalking horse bidder has a plan that is advantageous to the debtor. If the APA is withdrawn, she will continue to work hard to make sure the estate and creditors are protected.

Mr. Cross informs the Court of his client's commitment and offer.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)...   2:18-BK-12041-BKM   THURSDAY, MARCH 14, 2019 11:00 AM

Ms. Barnes notes that the auction is next week.

The Court recesses and reconvenes.

COURT:  THE COURT PLACES ITS FINDINGS AND RULING ON THE RECORD.  THE COURT DISCUSSES THE TERMINATION FEE AND OVERBID IN THE APA.  THE COURT EXPRESSES ITS CONCERNS.  THE COURT NOTES THAT MR. CROSS' CLIENT ATTEMPTED TO MAKE AN OFFER TODAY.  THE COURT FINDS THAT THE APPROPRIATE BREAK UP FEE TO BE $25,000.00 IN ADDITION TO UP TO $25,000.00 IN REASONABLE EXPENSES, FOR A TOTAL TERMINATION FEE OF UP TO $50,000.00.  THE COURT WILL ALLOW FOR A TERMINATION FEE UP TO $50,000.00 FOR THE APA TO GO FORWARD.  ALL OTHER TERMS AND CONDITIONS OF THE APA ARE APPROVED.

Mr. Shelley informs the Court that his client is willing to go forward.

COURT:  THE COURT SETS THE OVERBID AT $50,000.00 NOT $100,000.00.

Mr. Shelley asks if the parties are starting at $450,000.00.

COURT:  THE NEXT HIGH BID WOULD HAVE TO BE $400,000.00.

Mr. Shelley asks for one hour to respond to Chambers and Ms. Barnes.

COURT:  THE COURT DIRECTS MS. BARNES TO INFORM THE PARTIES.

Ms. Barnes states that she will file a supplement to the sale motion.