**ORDERED ACCORDINGLY.**

Dated: March 22, 2019



_____
**Brenda K. Martin, Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Bob Bondurant School of High Performance Driving, Inc.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 2:18-bk-12041-BKM<br><br>**STIPULATED ORDER GRANTING RELIEF FROM AUTOMATIC STAY**<br><br>**Re: Wells Fargo Equipment** |
| Wells Fargo Vendor Financial Services, LLC and Wells Fargo Financial Leasing, Inc.,<br><br>    Movants,<br><br>v.<br><br>Bob Bondurant School of High Performance Driving, Inc.,<br><br>    Respondent. | |

    Bob Bondurant School of High Performance Driving, Inc. (the "**Debtor**"), debtor-in-possession in the above-captioned case, and Wells Fargo Vendor Financial Services, LLC and Wells Fargo Financial Leasing, Inc. (collectively, "**Wells Fargo**"), having agreed to the terms set forth herein and stipulated to entry of this Order, the Court having considered the stipulated terms, the _Notice of Filing Stipulated Order Granting Relief from Automatic Stay_ (the "**Notice**") and the lack of objection thereto, the entire record before the Court, and after due deliberation thereon and sufficient cause appearing therefor, the Court hereby finds and concludes:

1. On October 2, 2018, the Debtor filed this case under Chapter 11 of the Bankruptcy Code.

2. The Debtor and Wells Fargo are parties to that certain Equipment Lease Agreement dated April 29, 2016 and that certain Image Management Agreement dated July 27, 2017 (collectively, the "**Agreements**") relating to certain phone and copier equipment as detailed therein (the "**Equipment**"). Copies of the Agreements and related documents are attached hereto as **Exhibit A**.

3. On March 7, 2019, the Debtor filed its *Motion to Approve Sale of Assets Free and Clear of Lien* [DE 179] (the "**Motion**"), as supplemented [DE 206], pursuant to which the Debtor proposes the sale of substantially all of its assets (the "**Sale**") to AZNY22, LLC, an Arizona limited liability company (the "**Stalking Horse**").

4. Pursuant to the Asset Purchase Agreement between the Debtor and the Stalking Horse [DE 206] (the "**APA**"), the Stalking Horse has specifically excluded from the Sale the Equipment and any contract or lease rights under the Agreements. See *Notice of Filing Exhibit B to Motion to Approve Sale of Assets Free and Clear of Liens* at DE 190.

5. The Sale to the Stalking Horse pursuant to the APA is subject to higher and better offers, which may include proposals to acquire the Equipment and assume and assign the Agreements, subject to Wells Fargo's consent and rights under the Bankruptcy Code. The Court has scheduled the Motion and an auction in connection with the Sale for hearing on March 22, 2019 (the "**Sale Hearing**").

6. Pursuant to the Motion and the APA, the Debtor seeks a waiver of the 14-day stay under Fed. R. Bankr. P. 6004(h) to close the Sale as soon as practicable after the Sale Hearing (the "**Closing**"). In the event the winning bid at the Sale Hearing does not include the Equipment and the Agreements, it is important that Wells Fargo be able to take possession of the Equipment prior to the Closing. Accordingly, the parties hereby stipulate to and request waiver of the 14-day stay under Fed. R. Bankr. P. 4001(a)(3).

7. Nothing herein precludes the Debtor from voluntarily turning over possession and

control of the Equipment to Wells Fargo prior to entry of this Order or the Closing, but Wells Fargo shall not complete any disposition of the Equipment until entry of this Order.

8. It is in the best interests of creditors and the Debtor's bankruptcy estate to approve this stipulation for relief from the automatic stay with respect to the Equipment because the Equipment is burdensome or of inconsequential value or benefit to the estate.

Based on the foregoing, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

A. The automatic stay of 11 U.S.C. § 362(a) and all other bankruptcy stays and injunctions are hereby terminated with respect to the Equipment.

B. The 14-day stay under Fed. R. Bank. P. 4001(a)(3) is hereby waived.

C. At Wells Fargo's request, the Debtor shall cooperate with Wells Fargo to promptly turn over possession and control of the Equipment no later than the Closing or such other time as may be agreed to by the parties.

D. Nothing herein shall affect Wells Fargo's rights in connection with a proposed sale of the Equipment and/or assumption and assignment of the Agreements to the Stalking Horse or any other prospective buyer.

**SIGNED AND DATED ABOVE**

APPROVED AS TO FORM AND CONTENT:

| **ALLEN BARNES & JONES, PLC** | **BRYAN CAVE LEIGHTON PAISNER LLP** |
|---|---|
| */s/ PJG #30340* | */s/ KT #032446* |
| Hilary L. Barnes | Robert J. Miller |
| Philip J. Giles | Khaled Tarazi |
| 1850 N. Central Ave., Suite 1150 | Two North Central Avenue, Suite 2100 |
| Phoenix, AZ 85004 | Phoenix, Arizona 85004-4406 |
| Attorneys for Debtor | Attorneys for Wells Fargo Vendor Financial Services, LLC and Wells Fargo Financial Leasing, Inc. |